J. M. MULLINS ET AL V. JOHN THOMAS ET AL.

No. 7607.  Decided March 5, 1941.
Rehearing Overruled April 23, 1941.
(150 S. W. 2d Series, 83.)

*McWhorter & Howard* and *Chas. L. Cobb,* all of Lubbock, for plaintiffs in error.

It was error for the Court of Civil Appeals to reverse and remand the judgment of the trial court when it found that the judgment of the 28th of February, 1938, was a final judgment from which no appeal had been taken. Secrest v. Ledbetter, 106 S. W. (2d) 740; Huff v. Patrick, 114 S. W. (2d) 598.

*Nelson & Brown* and *G. E. Lockhart,* all of Lubbock, for defendants in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

See the opinion of the Court of Civil Appeals for a statement of the case. 127 S. W. (2d) 559.

The writ was granted upon the assignment that the Court of Civil Appeals erred in reversing and remanding the cause and in not dismissing the appeal, because the first judgment,— a judgment which was not vacated or appealed from, was final.

Upon final consideration of the record we adhere to the view expressed in granting the writ.

The trial court transcript discloses that while the first judgment was rendered on February 28, 1938, and the second on the 17th of March, both were filed on March 18, 1938. It further appears on the face of the first judgment that it is an agreed judgment, agreed to by all of the parties, both plaintiffs and defendants, and by an intervenor, I. D. Walker, and that it was entered by the court as an agreed judgment. It also appears from the transcript that four of the defendants, including John and Ray Thomas, filed a motion for new trial through an attorney who does not appear to have theretofore represented the defendants in the cause, alleging that the trial court erred for the reasons, among others, first, that the trial court entered two final judgments in the same suit, contrary to law, and second, that the last judgment was rendered on "next to the last day of the term" when there was no opportunity for examining the "only and final" report of the receiver (filed March 17, 1938). The motion was overruled and the Thomases appealed from the second judgment.

It appears from the opinion of the Court of Civil Appeals that the Thomases not having filed a brief, appellees (Mullins, Lawson and White) filed a motion to dismiss the appeal. At this juncture the Thomases, through attorneys not theretofore connected with the case, filed a brief which they prayed to have considered as an answer to the motion to dismiss. The Court of Civil Appeals overruled the motion to dismiss, and reversed and remanded the case. 127 S. W. (2d) 559.

It is obvious from what has been stated that unless the first judgment is void the judgment remanding the cause is erroneous, as the first judgment stands in the record, neither vacated nor appealed from.

■ The Court of Civil Appeals correctly states that the rule is well settled that the entry of a second judgment in the same case is not a vacation of the first, and that if there is nothing to show the first was vacated, the second is a nullity. See authorities cited in the opinion in support of the statement. 127 S. W. (2d) 561.

The judgment of the Court of Civil Appeals reversing and remanding the case appears to be predicated upon its holding that the first judgment is "fundamentally erroneous" for two reasons; the first being that the injunctive relief provided thereby is so general that it places the Thomases "in a state of uncertainty and constant fear that by some act they may precipitate themselves into a situation in which they may at

any time be called before the court upon proceedings for contempt"; and the second, that the record discloses that "I. D. Walker appeared as intervenor" in the absence of either a pleading on his part or a court order authorizing his intervention.

Granting for present purpose (but not deciding) that the grounds stated are sufficient to show the first judgment is erroneous, neither ground is such as to show that the first judgment is void.

The first ground has no bearing upon the question of the valitity or invalidity of the judgment and does not indicate that it had been vacated. Nor does the second ground show its invalidity. The judgment is an agreed judgment, agreed to by all parties, including Walker, the intervenor, and recites his intervention in the case. It is well settled that no pleadings are required to support an agreed or negotiated judgment. Pope v. Powers et al (Com. App.), and cases there cited, 132 Texas 80, 120 S. W. (2d) 432. In neither of the cases cited by the Court of Civil Appeals in support of its holding as to the status of the first judgment, is the appeal from an agreed judgment.

It is unnecessary to discuss the contentions of defendants in error, predicated upon the view that the judgment of February 28, is void. It shows upon its face that it was rendered on that date as an agreed judgment and it is immaterial that it was not filed until March 18th, the date upon which the second judgment was filed.

The judgment of the Court of Civil Appeals is reversed and judgment is here rendered dismissing the appeal.

Opinion adopted by the Supreme Court March 5, 1941.

Rehearing overruled April 23, 1941.