### BRIDGMAN et al. v. MOORE.
### No. 4135.

Court of Civil Appeals of Texas. Beaumont.

May 6, 1943.

Rehearing Denied April 19, 1944.

D. E. O'Fiel and C. W. Wiedeman, both of Beaumont, for appellants.

John H. Land, of Beaumont, for appellee.

WALKER, Chief Justice.

This case was tried to a jury. On the 3d day of July, 1942, judgment was rendered on the jury's verdict, approved by the court and written into the court's minutes. No motion for new trial was filed against this judgment within thirty days from its rendition and entry. The term of the district court of Jefferson County at which the case was tried ended on Sunday next before the first Monday in July, 1942, which was the 5th day of July. By Rule 330($l$), it is provided that judgments of the civil district courts shall become final after the expiration of thirty days from their rendition "as if the term of court had expired." The Rule further provides that a final judgment of the district court, after the expiration of the 30 days, cannot be set aside except by bill of review for sufficient cause "filed within the time allowed by law for filing bills of review in other district courts." Rule No. 301 pro-

212

vides "only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law." See Booth v. Amicable Life Insurance Co., Tex. Civ.App., 143 S.W.2d 836. It is also the settled rule that the entry of a second judgment in the same case is not a vacation of the first. Mullins et al. v. Thomas, 136 Tex. 215, 150 S.W.2d 83. On the 13th day of August, 1942, the court made and had entered in its minutes the following order:

"* * * came on to be heard the motion of Mrs. F. W. Bridgman, et al., plaintiffs in the above consolidated cause, to set aside the judgment entered in the minutes in this cause on the 3rd day of July, 1942, and issue being joined thereon, and the court having considered the motion together with the evidence adduced thereon is of the opinion that the said motion is well taken, and that same should be granted.

"It is therefore ordered, adjudged and decreed that the judgment entered by this court in this consolidated cause on the 3rd day of July, 1942, be and the same is hereby set aside."

Following the entry of the order copied above on the 18th of September, 1942, the court approved a second judgment in this cause, which on that date was entered in the minutes. The judgment entered on the 18th day of September is a verbatim copy of the judgment entered on the 3d day of July.

The transcript does not show that appellant filed a bill of review against the judgment rendered and entered on the 3d day of July. Appellant has filed an affidavit to the effect that she did file such a bill of review and that the court heard evidence thereon in support of the order copied above, setting aside the judgment as entered on the 3d day of July, 1942. She suggests, under the provisions of Rule 428, that we direct a supplemental record to be certified and transmitted by the clerk of the trial court to this court, containing her bill of review and a statement of facts heard on her bill of review. This request is denied. No presumption can arise on the face of the order entered by the court on the 13th day of August, 1942, that the court had before it a bill of review since it is affirmatively recited in the order that it was made on appellants' motion, there being nothing to indicate that it was made on a bill of review.

Appellants' request is denied for the additional reason that she had ample time to file a motion in this court requesting the supplemental transcript, and to have prepared a statement of facts based on the evidence heard by the court in support of its order of date August 13, 1942. And no reason is offered by her explaining her failure to ask for a supplemental transcript. The facts do not invoke our discretion to order the clerk of the lower court to file a supplemental transcript with a statement of facts.

The appeal before us was prosecuted by appellants from the second judgment entered on the 18th day of September. It is clear on the facts stated and the authorities cited that we do not have jurisdiction of this appeal. Therefore appellee's motion to dismiss is sustained.

Appeal dismissed.