**GAINESVILLE OIL & GAS CO., INC., George Dean Ward and Barbara Gail Ward, Appellants,**

v.

**FARM CREDIT BANK OF TEXAS, L. Don Hager, Allan S. Ward, Jerry N. Ward, Judy Ward, Rufus Ward, Jr., Patsy Ann Ward, Bogata Oil & Gas Company, Inc. and Enron Oil Trading & Transportation Company, Appellees.**

No. 6–90–018–CV.

Court of Appeals of Texas, Texarkana.

July 31, 1990.

William C. Gooding, Gooding & Dodson, Texarkana, for Farm Credit and L. Don Hager.

Pat C. Beadle, Clarksville, G. David Neal, Dallas, for Allan Ward, Jerry Ward, Judy Ward, Rufus Ward, Patsy Ward and Bogata Oil & Gas.

Christopher W. Barnes, Houston, for Enron Oil.

Before CORNELIUS, C.J., and BLEIL and CHADICK, JJ.

## OPINION

CHADICK, Justice (Retired), sitting by assignment.

This is an appeal from a summary judgment in a suit to set aside a substitute trustee's sale of a sixty-four acre tract of land pursuant to provisions of a deed of trust. Though the error is unassigned, the interlocutory nature of the judgment and lack of jurisdiction of this Court are apparent on the face of the record. This Court is without jurisdiction to do other than dismiss the appeal.

In the interest of brevity, the pleadings of the parties will not be recited further than is necessary to explain the basis of decision. Enron Oil Trading & Transportation Company, a defendant in the trial court, answered by a general denial, stakeholder interpleader, counterclaim, cross-claim, and third-party action for affirmative relief by way of declaratory judgment. This defendant did not move for summary judgment in the trial court. John Ward, a defendant, likewise did not move for summary judgment in his own behalf in the trial court.

In response to motions for summary judgment by parties other than the two just mentioned, the trial court entered two separate summary judgments. The first judgment, dated January 23, 1990, adjudged that plaintiffs Gainesville Oil & Gas Company, Inc., George Dean Ward, and Barbara Gail Ward take nothing of the defendants Farm Credit Bank of Texas, L. Don Hager, Allan S. Ward, Jerry N. Ward, Judy Ward, Rufus Ward, Jr., Patsy Ann

H.C. McCracken, McCracken, Taylor & Nelson, P.C., Carrollton, for appellants.

Ward, Bogata Oil & Gas Company, Inc., and Enron Corporation.[1] The second judgment, dated February 5, 1990, adjudged that plaintiff Gainesville Oil & Gas Company, Inc. take nothing of the defendants Farm Credit Bank of Texas, L. Don Hager, Allan S. Ward, Jerry N. Ward, Judy Ward, Rufus Ward, Jr., Patsy Ann Ward, Bogata Oil & Gas Company, Inc., and Enron Oil Trading & Transportation Company. The trial court's docket sheet, made a part of the record, contains this notation: "2/5/90 Corrected Summary Judgment for Defendants."[2] Neither judgment contains language purporting to vacate the other judgment or to sever the actions and defenses pled by Enron Oil Trading & Transportation Company and John Ward from those pled and disposed of by judgment.

Under the provisions of TEX.R.CIV.P. 301, only one final judgment may be entered in any cause, except as may otherwise be provided by law. No legislative enactment, court rule, or court decision has been found excepting an action such as this from the general rule. It is settled that unless the second judgment under consideration vacates the first, the first judgment is effective and prevails, and the second becomes a nullity. *Mullins v. Thomas,* 136 Tex. 215, 150 S.W.2d 83 (Tex.Comm'n App.1941, opinion adopted); *Hammett v. Lee,* 730 S.W.2d 350 (Tex.App.—Dallas 1987, writ dism'd w.o.j.); *King v. Ivans,* 429 S.W.2d 646 (Tex. Civ.App.—Tyler 1968, no writ); *Fugitt v. Slay,* 329 S.W.2d 358 (Tex.Civ.App.—Dallas 1959, writ dism'd); *Bridgman v. Moore,* 180 S.W.2d 211 (Tex.Civ.App.—Beaumont 1943), *aff'd,* 143 Tex. 250, 183 S.W.2d 705 (1944); 47 TEX.JUR.3D *Judgments* § 33

(1986); 4 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 17.04 (rev. 1984). It follows that the judgment in this case dated January 23, 1990, is valid and that the judgment dated February 5, 1990, is a nullity.

■ A summary judgment is interlocutory when, without an appropriate order of severance, it fails to dispose of all parties and issues. *Steeple Oil and Gas Corporation v. Amend,* 394 S.W.2d 789 (Tex.1965); *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200 (1959).

■ On consideration of the entire record, it is apparent that the judgment of January 23, 1990, is interlocutory in nature. Although defendants Enron Oil Trading & Transportation Company and John Ward did not move for summary judgment, the transcript of the record shows that each was awarded a take-nothing judgment against the plaintiffs Gainesville Oil & Gas Company, Inc., George Dean Ward and Barbara Gail Ward. Such summary judgment did not sever or otherwise dispose of Enron's action for affirmative relief. In addition, the judgment omitted as a party thereto the defendant John Ward and did not grant him any relief or otherwise sever or dispose of the issues raised by his answer.

■ Summary judgment may not be rendered for a party that has not moved for such relief. *Steeple Oil and Gas Corporation v. Amend, supra; Dixon v. Shirley,* 531 S.W.2d 386 (Tex.Civ.App.—Corpus Christi 1975), *writ ref'd per curiam,* 545

---

**1.** This is a misnomer. Gainesville Oil & Gas Company, Inc.'s superseded first amended original petition, which appears in the transcript, names among defendants, "ENRON OIL TRADING & TRANSPORTATION COMPANY (incorrectly named Enron Corporation in Plaintiff's Original Petition)." Enron Oil Trading & Transportation Company answered, and the parties' pleadings thereafter listed such company as a defendant. Therefore, the record does, in effect, show, without ambiguity, that Enron Oil Trading & Transportation Company is a party to the judgment. *Laros v. Hartman,* 152 Tex. 518, 260 S.W.2d 592 (1953); 4 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 17.10.3 (rev. 1984). Should this conclusion be

in error, such error is immaterial to decision, as Enron Oil Trading & Transportation Company is not disposed of by the judgment at all unless the misnomer applies to it.

**2.** The docket entry is a memorandum made for the court's judge's and staff's information and forms no part of the judgment actually entered. *See Energo International Corp. v. Modern Industrial Heating, Inc.,* 722 S.W.2d 149 (Tex.App.—Dallas 1986, no writ); *Formby's KOA v. BHP Water Supply Corp.,* 730 S.W.2d 428 (Tex.App.—Dallas 1987, no writ); 4 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 17.05.3 (rev. 1984).

S.W.2d 441 (Tex.1976); *Republic National Bank of Dallas v. Southern Brokerage Co.*, 338 S.W.2d 295 (Tex.Civ.App.—San Antonio 1960, writ ref'd n.r.e.).

Restated, the conclusion is reached that the summary judgment of January 23, 1990, from which appellants undertake to appeal, is interlocutory and not final and such abortive appeal must be and is hereby ordered dismissed.