COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
 2-07-071-CV

 

 

IN RE JULI BROWN                                                                 RELATOR

 

 

                                              ------------

 

                                    ORIGINAL PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Relator Juli Brown filed this
petition for writ of mandamus challenging the trial court=s postjudgment rulings (1) denying pro hac vice admission to an
Oklahoma-licensed attorney for purposes of arguing against a new trial motion
filed by real party in interest Keith Brown and (2) ordering Juli to pay $1,000
in sanctions to Keith=s attorney
for postjudgment misconduct by Juli=s attorney.  After reviewing the
petition, we ordered briefing limited to the issue of the trial court=s jurisdiction to issue the sanctions order.  Because we hold that the trial court lacked
jurisdiction to issue the sanctions order after its plenary power expired, we
conditionally grant mandamus relief.

Background Facts

This is the second mandamus
proceeding arising out of the underlying suit, a divorce with child custody
issues.  Both parties filed divorce
petitions in which they asked the trial court to determine custody of their
children.  Juli filed suit first in
Missouri, and Keith subsequently filed the underlying suit in the 322nd
District Court in Tarrant County, Texas. 
Juli then filed her first mandamus proceeding in this court, in which we
determined that Missouri had jurisdiction over the children.[2]  We ordered the trial court to Acommunicate with the Missouri court . . . .  If the Missouri court does not determine that
Texas is a more appropriate forum, the trial court shall dismiss all
proceedings related to the initial child custody determination.@[3]  Our opinion and judgment
issued on September 14, 2006.








Thereafter, Juli filed a
motion in the trial court to dismiss the Tarrant County caseCboth the divorce and custody claimsCwith prejudice; Keith filed a response in opposition.  In his response, Keith contended that this
court=s judgment in the prior mandamus proceeding applied only to the
custody issues and that dismissal of the divorce proceedings was not required.[4]  He also requested a hearing on Juli=s motion.  However, on October
11, 2006, without first holding a hearing, the previous trial judge signed an
order dismissing the case with prejudice. 
Keith contends that Juli=s counsel presented the order to the judge ex parte.[5]


On October 31, 2006, Keith
timely filed a motion for new trial in which he claimed that the trial court
erred by failing to hold a hearing on his motion to dismiss.  The trial court set a hearing on the motion
for November 10, 2006. On November 1, 2006, Juli filed a motion to extend the
time to respond to Keith=s motion for
new trial on the ground that her counsel was ill and hospitalized.  Although Juli=s motion to extend was served on Keith=s counsel, the trial court entered an order granting Juli=s motion to extend without a hearing. 
Keith contends that this order was also presented to the trial court ex
parte. 








On December 1, 2006, Juli
filed a pleading entitled ARespondent=s Objection
and Brief in Support to Petitioner=s Motion for New Trial and Request for Hearing,@ in which she contended that Keith=s motion for new trial should be denied without a hearing because the
trial court had Acontacted
the Missouri Court and learned that Missouri was exercising >personal= and >subject matter jurisdiction= over the dispute between the parties.@  The response contains a
certificate of service indicating that it was served on Keith=s counsel.  On November 9, 2006,
Keith=s counsel agreed to reset the November 10, 2006 hearing on the motion
for new trial; Juli=s counsel
was to contact Keith=s counsel
within thirty days to set a new date. 
However, on December 4, 2006, the trial judge signed an order granting
Juli=s objection to Keith=s motion for new trial.  Keith
contends that this order, too, was presented to the trial judge ex parte.  Keith=s counsel did not learn about this order until January 3, 2007. 

On January 12, 2007, after
the newly elected judge took the bench, Keith filed a second motion for new
trial, contending that the trial court=s October 11, 2006 dismissal of the case was appropriate only with
respect to the child custody issues. 
Keith contended that Juli=s counsel=s actions in
obtaining orders ex parte deprived him of his due process rights; he also
contended that a denial of his second motion for new trial would violate his
due process rights, and he sought attorney=s fees, sanctions, and costs. 
The trial court set a hearing on the motion for February 5, 2007. 








Juli responded to Keith=s second motion for new trial on February 1, 2007, by filing a special
appearance and motion to dismiss, in which she contended that the trial court=s plenary power over the judgment had expired.[6]
On February 2, 2007, Lewis Barber, Jr., an Oklahoma-licensed attorney
representing Juli, filed a motion to appear pro hac vice for the purpose of
arguing the special appearance. 








The trial court held a
hearing on the second motion for new trial on February 5, 2007.  The parties first argued Mr. Barber=s pro hac vice motion, which the trial court denied.  After hearing from counsel for both Juli and
Keith on the merits of the second motion for new trial, the judge found that
the cause had been dismissed on October 11, 2006; that the cause was
subsequently Adismissed
again@ on December 4, 2006; and that the trial court=s plenary power to grant a new trial had expired.[7]  The trial court nevertheless ordered Juli to
pay $1,000 in sanctions to Keith=s counsel because it Awas a violation of due process to not notice Mr. Brown [about the
presentation of the December 4, 2006 order to the trial judge] so that they
could be present, at least, and set it [the first motion for new trial] for
hearing.@  The trial court=s sanctions order states that A[a]s a result of actions by [Juli] or on her behalf, [Keith=s] right to due process under the United States and Texas
Constitutions were [sic] violated in that he was not afforded an opportunity to
be heard prior to the dismissal of this cause on December 4, 2006 and he did
not receive timely notice of the dismissal.@  

Juli filed this original
proceeding on March 1, 2007, challenging the trial court=s denial of her Oklahoma counsel=s pro hac vice motion and imposition of sanctions against her.  Keith has not appealed the trial court=s October 11, 2006 dismissal order, the order of December 4, 2006, or
the order of February 5, 2007.

Issue Presented








Juli contends that the trial
court lacked jurisdiction to impose sanctions against her because the order
imposing sanctions was rendered after expiration of the trial court=s plenary jurisdiction over the October 11, 2006 dismissal order.  She also claims that there was no evidence
that would support sanctions under Texas Rule of Civil Procedure 21b or 215.3b,
that Keith did not present a motion for sanctions to the trial court that would
support the trial court=s ruling,
and that Keith failed to provide her with adequate notice that he would be
seeking such sanctions. We do not reach the merits of the sanctions order
because we conclude that the order is void.[8]

Standard of Review








Mandamus relief is proper
only to correct a clear abuse of discretion when there is no adequate remedy by
appeal.[9]
 A trial court clearly abuses its
discretion when it reaches a decision so arbitrary and unreasonable as to
amount to a clear and prejudicial error of law.[10]  A trial court has no discretion in
determining what the law is or in applying the law to the facts.[11]  Thus, a clear failure by the trial court to
analyze or apply the law correctly will constitute an abuse of discretion and
may result in mandamus.[12]  The issuance of a void order is an abuse of
discretion.[13]  Mandamus is proper when the trial court
issues an order that is void because it is issued after the trial court=s plenary power has expired.[14]


Absent extraordinary
circumstances, mandamus ordinarily will not issue unless relator lacks an
adequate remedy by appeal.[15]  However, cases involving void orders present
a circumstance warranting mandamus relief.[16]  When an order is adjudged to be void, a
relator need not additionally show the lack of an adequate remedy by appeal.[17]  

Analysis













In this case, the trial court
initially retained plenary power for thirty days after signing the final
judgment on October 11, 2006.[18]  The trial court=s plenary power in this case was extended to seventy-five days by the
timely filing of Keith=s first
motion for new trial on October 31, 2006.[19]  Once extended, plenary power was retained by
the trial court until the thirtieth day after the motion for new trial was
overruled by written order or by operation of law.[20]  The trial court=s plenary power cannot extend beyond 105 days after it signs the final
judgment.[21]  Judicial action taken by a trial court
after its plenary power has expired is void.[22]  If the order signed on December 4, 2006,
granting ARespondent=s Objection and Brief in Support to Petitioner=s Motion for New Trial,@ constituted a written order overruling Keith=s motion for new trial, then the trial court=s plenary power expired thirty days thereafter, on January 3,
2007.  However, the wording of the
December 4 order is less than clear.  It
could be interpreted as simply a grant of Juli=s objection, rather than a denial of the motion for new trial.  Even so, Keith=s motion for new trial was nevertheless overruled by operation of law
on December 25, 2006, the seventy-fifth day after the judgment was signed, and
the trial court=s plenary
power expired thirty days thereafter, on January 24, 2007.  Under either scenario, the trial court lost
plenary power before the trial court rendered its sanctions order against Juli
on February 5, 2007.[23]   








The trial court=s power to assess sanctions for matters occurring before judgment is
the same as its power to decide any other motion during its plenary
jurisdiction.[24]  That is, the time during which it may impose
sanctions based on pre-judgment conduct is limited to that of its plenary
power.[25]  However, Keith argues that the trial court in
this case retained power to order the sanctions against Juli even after its
plenary power had expired because his motion complained only of postjudgment
conduct, citing Wolma v. Gonzalez.[26]   Wolma does not assist Keith.  

First, Wolma did not
involve postjudgment conduct.  That case
held that the trial court retained continuing jurisdiction after expiration of
its plenary power to grant Rule 13 sanctions for filing a frivolous lawsuit,
i.e., pre-judgment conduct, because the motion for sanctions was for an
independent and collateral matter.[27]  Second, other courts have declined to follow Wolma.  In Hjalmarson v. Langley, the Waco
Court of Appeals rejected the reasoning of Wolma, pointing out that A[a] court has no more power to act in sanction matters without
jurisdiction than it does elsewhere.@[28]  And to postulate that a trial
court has continuing power to act on a collateral and independent claim for
sanctions arising out of a cause over which it has lost jurisdiction Ais a non

sequitur.  A court cannot lose
jurisdiction of a cause and yet still retain jurisdiction to act in that same
cause.@[29]   








Third, in Scott &
White, the supreme court disapproved of Wolma to the extent that it
held that pre-judgment conduct may be sanctioned after the trial court=s plenary power expires.[30]  Nothing in the supreme court=s decision in Scott & White indicates that sanctions for
postjudgment conduct should be treated differently than sanctions for
prejudgment conduct in the context of this case.  

Indeed, the trial court=s lack of power to order sanctions after its plenary power expires has
been held to apply to sanctions for postjudgment conduct.  Specifically, in Malone, involving a
similar postjudgment order of sanctions to that in this case, the Dallas Court
of Appeals held an order of sanctions void that was issued after expiration of
plenary power for filing a frivolous motion for new trial.[31]  And in Kenseth, the same court held
that postjudgment sanctions for filing various postjudgment motions in
connection with disbursement of funds from the court registry on remand after
appeal were void because the sanctions orders were issued after that portion of
the trial court=s plenary
power had expired.[32]       













All sanctions for conduct of
parties or their counsel before or after a judgment are, in effect, collateral
and independent of the merits of a suit.[33]  We reject Keith=s reasoning, based upon Wolma, that the trial court retained
power to assess sanctions after expiration of its plenary power based on his
theory that sanctions are an independent and Acollateral matter.@  Rather, a sanctions order is Atied to@ the portion
of the proceedings in which the sanctionable conduct occurred.[34]  Once the trial court=s plenary power over that part of the proceedings to which the
sanctions motion relates expires, the court has no more power to sanction for
conduct within those proceedings.[35]  Here the sanctions order was Atied to@ the
original trial proceedings because the sanctions were for conduct in presenting
the order of dismissal and order denying Keith=s first motion for new trial ex parte to the trial judge.[36]  








Once a trial court=s plenary power has expired, it may only exercise limited activities
with respect to its judgment.  The trial
court retains jurisdiction after expiration of its plenary power for
postjudgment proceedings to clarify and enforce its judgments.[37]  It may correct clerical errors in the
judgment.[38]  It may supervise postjudgment discovery in
aid of enforcement of the judgment.[39]  Trial courts have statutory and inherent
power to enforce their judgments.[40]  Here there were no enforcement or other
postjudgment proceedings that would have extended the trial court=s plenary power.  The sanctions
motion was not a clarification or enforcement proceeding but was for conduct in
connection with the dismissal and first motion for new trial, which related to
the trial proceedings. 

Courts also have Ainherent@ power to
sanction where necessary to deter, alleviate and counteract bad faith abuse of
the judicial process.[41]  However, Aa court=s inherent
judicial power does not confer jurisdiction where none pre-exists by statutory
or constitutional grant.[42]  Accordingly, once the trial court=s plenary power here expired, the trial court lost jurisdiction, and
the sanctions order issued thereafter could not be based upon inherent
power.        













Finally, in the alternative
to his theory that the trial court retained jurisdiction to issue the sanctions
order as a collateral or independent matter, Keith contends that his second
motion for new trial was in substance a bill of review, thereby extending the
court=s jurisdiction.  A bill of review
is an independent equitable action brought by a party to a former action
seeking to set aside a judgment that is no longer appealable or subject to a
motion for new trial.[43]  To invoke the equitable power of the trial
court, the party seeking a bill of review must file a petition alleging
factually, and with particularity, sworn facts sufficient to constitute a
meritorious defense, which he was prevented from making by fraud, accident, or
wrongful act of the opposing party or as the result of official mistake, and
unmixed with his own fault or negligence.[44]       Keith=s second motion for new trial is not sworn, does not allege
particularized facts sufficient to constitute a meritorious defense, and
alleges only intrinsic, not extrinsic, fraud. 
According to Keith, he properly pleaded wrongful acts to support a bill
of review petition, i.e., that the order of dismissal and order overruling his
first motion for new trial were obtained ex parte.  But allegations of fraud or mistake by the
opposing party=s counsel
are insufficient to support a bill of review.[45]  Moreover, even if the second motion for new
trial could be considered as a bill of review, as an Aindependent@ proceeding
it would not have extended the trial court=s plenary power to consider the sanctions issue because the sanctions
were tied to the first motion for new trial over which the court=s plenary power had already expired.[46]


Because the order assessing
sanctions against Juli was rendered after the trial court=s plenary power had expired and there is no basis in the record to
uphold the sanctions order as a legitimate exercise of the trial court=s limited postjudgment powers or its inherent power, we hold that the
sanctions order is void. 

Conclusion

Having held that the
sanctions order is void, we conditionally grant relator=s requested mandamus relief and order the trial court to vacate its
February 5, 2007 sanctions order.  A writ
will issue only if the trial court fails to comply with this court=s order.  We deny relief as to
Juli=s complaints about the trial court=s denial of her Oklahoma counsel=s pro hac vice motion because that order was outside the trial court=s plenary power as well.

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   LIVINGSTON, GARDNER,
and WALKER, JJ.








DELIVERED: August 29, 2007











[1]See Tex.
R. App. P. 47.4.





[2]In re
Brown, 203 S.W.3d 888, 895 (Tex. App.CFort Worth 2006, orig.
proceeding). 





[3]Id. at
895-96.   





[4]Keith filed his response on October
9, 2006.  On October 4, however, he had
filed a ACounter-Petition For Dissolution Of
Marriage@ in the Missouri court, in which he
asked the Missouri court to divide the parties= marital property and debts. 





[5]All actions of the trial court
prior to January 1, 2007, were taken by the former presiding judge of the
court; a new judge took the bench on January 1, 2007, and it is her orders that
Juli is challenging in this mandamus proceeding.





[6]Attached
to the motion was an affidavit from Juli=s Texas counsel, in which he
averred that it is his practice to serve all pleadings generated by his office
on opposing counsel and that he was unaware that the December 4, 2006 order had
been signed until December 15, 2006, when his paralegal contacted the court to
find out if an order had been signed.  





[7]The
judge also noted that jurisdiction over the entire proceeding, including the
divorce, was more appropriate in Missouri. 






[8]See
In re Boyd, 34 S.W.3d 708, 711 (Tex. App.CFort
Worth 2000, orig. proceeding) (not reaching merits where mandamus would issue
because trial court=s
order was void); see also Waite v. Waite, 150 S.W.3d 797, 800 (Tex. App.CHouston
[14th Dist.] 2004, pet. denied) (noting whether judgment is void Amust
be the first issue addressed,@ for if judgment is void, Awe
can go no further.@).     





[9]In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135‑36 (Tex.
2004) (orig. proceeding).  





[10]Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).





[11]Id. at
840. 





[12]Id.





[13]Custom
Corporates, Inc. v. Sec. Storage, Inc., 207 S.W.3d 835, 838 (Tex.
App.CHouston
[14th Dist.] 2006, no pet.) (citing In re Sw. Bell Tel. Co., 35 S.W.3d
602, 605 (Tex. 2000)). 





[14]In re
Sw. Bell Tel. Co., 35 S.W.3d at 605.    





[15]In re
Van Waters & Rogers, Inc.,145 S.W.3d 203, 210-11 (Tex.
2004) (citing Walker, 827 S.W.2d at 839).  





[16]Id.





[17]In re
Sw. Bell Tel. Co., 35 S.W.3d at 605.  





[18]Tex. R. Civ. P. 329b(d) (providing A[r]egardless
of whether an appeal has been perfected,@ trial court retains plenary
power for thirty days). 





[19]See Tex. R. Civ. P. 329b(e); Lane Bank
Equip. Co. v. Smith So. Equip. Inc., 10 S.W.3d 308, 310 (Tex. 2000).  





[20]See
In re T.G., 68 S.W.3d 171, 177 (Tex. App.CHouston [1st Dist.]
2002, no pet.).





[21]L.M.
Healthcare, Inc. v. Childs, 929 S.W.2d 442, 444 (Tex. 1996) (op. on
reh=g). 





[22]Kenseth
v. Dallas County, 126 S.W.3d 584, 599 (Tex. App.CDallas
2004, pet. denied); In re T.G., 68 S.W.3d at 177 (citing State ex
rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995)). 





[23]The trial court=s order of February 5, 2007, refers
to the order of December 4, 2006, as operating to dismiss the case a second
time.  But the December 4 order does not
purport to vacate the dismissal of October 11, 2006.  Absent circumstances indicating that the
first judgment was vacated, a second judgment purporting to be final does not
vacate the first and is a nullity as there can be only one final judgment in a
case.  City of Westlake Hills v. State
ex rel. City of Austin, 466 S.W.2d 722, 726-27 (Tex. 1971); Mullins v.
Thomas, 136 Tex. 215, 150 S.W.2d 83, 84 (1941); Azbill v. Dallas County
Child Protective Servs. Unit, 860 S.W.2d 133, 138 (Tex. App.CDallas 1993, no writ).  Moreover, a reading of the order of December
4, 2006 clearly reveals that, whatever it was, it was not a dismissal.        





[24]Lane
Bank Equip. Co., 10 S.W.3d at 313-14 (upholding order entered
within plenary power, granting timely filed postjudgment motion for sanctions
that sought to add attorneys fees as sanctions for filing frivolous litigation);
Scott & White Mem=l Hosp. v. Schexnider, 940
S.W.2d 594, 596 (Tex. 1996) (holding trial court retained authority to
act on postjudgment motion for sanctions for prejudgment conduct during its
plenary power).





[25]Scott
& White Mem=l
Hosp., 940 S.W.2d at 596.





[26]822
S.W.2d 302, 304 (Tex. App.CSan Antonio 1991, orig.
proceeding).  





[27]Id.





[28]840 S.W.2d 153, 155 (Tex. App.CWaco 1992, no writ). 





[29]Id.; see also Malone v.
Hampton, 182 S.W.3d 465, 470 (Tex. App.CDallas 2006, no pet.); Jobe v. Lapidus, 874 S.W.2d
764, 767 (Tex. App.CDallas 1994, writ denied) (both
declining to follow Wolma=s
holding that trial court=s power to order Rule 13 sanctions
survived expiration of its plenary power).





[30]Scott & White Mem=l Hosp., 940 S.W.2d at 596, n.2. 





[31]182
S.W.3d at 470 (holding void an order signed after plenary power expired that
granted motion for sanctions against non-party for filing frivolous motion for
new trial after judgment).





[32]126
S.W.3d at 599-600.





[33]See In re Bennett, 960 S.W.2d 35, 39 (Tex. 1997)
(citing Willy v. Coastal Corp., 503 U.S. 131, 137, 112 S. Ct. 1076, 1080
(1992), as recognizing that sanctioning counsel for their conduct is collateral
to the merits of a case).  





[34]Kenseth, 126
S.W.3d at 600 (holding sanctions order void for conduct Atied
to@
court=s
power to issue order disbursing funds); see also Mantri v. Bergman, 153
S.W.3d 715, 718 (Tex. App.CDallas 2005, pet. denied)
(quoting  Kenseth and holding that
sanctions must be Atied
to@
phase of case in which sanctioned conduct occurred); Glover Constr., Inc. v.
Chemmark Corp., No. 02-04-310-CV, 2005 WL 588795, at *2 (Tex. App.CFort
Worth 2005, no pet.) (order not designated for publication) (denying abatement
to seek sanctions for filing fraudulent motion for new trial as conduct and
sanctions were necessarily Atied to@
trial proceedings).  





[35]Malone, 182 S.W.3d at 469-70; Kenseth, 126
S.W.3d at 600. 





[36]See
Malone, 182 S.W.3d at 470; Glover Constr., Inc., 2005 WL 588795, at
*2.





[37]Malone,
182 S.W.3d at 470 (citing Thomas v. Oldham, 895 S.W.2d 352, 356
(Tex. 1995)) (AAny
document other than a motion to enforce or clarify, filed after the expiration
of the trial court=s
plenary jurisdiction, would be a nullity. . . .@). 





[38]See Tex. R.
Civ. P. 316; see
also Comm. for Lawyer Discipline v. DeNisco, 132 S.W.3d 211, 214-15 (Tex. App.CHouston [14th Dist.] 2004, no pet.)
(AAfter the trial court loses its
jurisdiction over a judgment, it can correct only clerical errors in the
judgment by judgment nunc pro tunc.@).   





[39]See Tex. R. Civ. P. 621a; see also Custom
Corporates, Inc., 207 S.W.3d at 839.





[40]Tex. R.
Civ. P. 308 (AThe court shall cause its judgments and decrees to be
carried into execution.@); see Arndt v. Farris, 633
S.W.2d 497, 499 ( Tex. 1982) (orig. proceeding) (AThe general rule is that every
court having jurisdiction to render a judgment has the inherent power to
enforce its judgments.@). 






[41]Arndt,
633 S.W.2d at 499 (noting trial courts have power to sanction parties
for bad faith abuse of judicial process not covered by rule or statute); Eichelberger
v. Eichelberger, 582 S.W.2d 395, 398 (Tex. 1979) (recognizing inherent
power Ato
aid in the exercise of [a court=s] jurisdiction, in the
administration of justice, and in the preservation of its independence and
integrity@).  





[42]Hjalmarson, 840 S.W.2d at 155; see
Eichelberger, 582 S.W.2d at 399 (AUnder our system there is no such thing as inherent power
of a court, >if by that be meant a power which a
court may exercise without a law authorizing it.=@). 






[43]Tex. R.
Civ. P. 329b(f); Middleton
v. Murff, 689 S.W.2d 212, 213 (Tex. 1985). 






[44]State v. 1985 Chevrolet Pickup
Truck, 778 S.W.2d
463, 464 (Tex. 1989).  





[45]King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 752 (Tex. 2003).





[46]Finally,
we note that Keith never presented the argument to the trial court that his
second motion for new trial should have been considered as a bill of
review.