COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-07-071-CV

IN RE JULI BROWN RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Relator Juli Brown filed this petition for writ of mandamus challenging the trial court’s postjudgment rulings (1) denying pro hac vice admission to an Oklahoma-licensed attorney for purposes of arguing against a new trial motion filed by real party in interest Keith Brown and (2) ordering Juli to pay $1,000 in sanctions to Keith’s attorney for postjudgment misconduct by Juli’s attorney.  After reviewing the petition, we ordered briefing limited to the issue of the trial court’s jurisdiction to issue the sanctions order.  Because we hold that the trial court lacked jurisdiction to issue the sanctions order after its plenary power expired, we conditionally grant mandamus relief.

Background Facts

This is the second mandamus proceeding arising out of the underlying suit, a divorce with child custody issues.  Both parties filed divorce petitions in which they asked the trial court to determine custody of their children.  Juli filed suit first in Missouri, and Keith subsequently filed the underlying suit in the 322nd District Court in Tarrant County, Texas.  
Juli then filed her first mandamus proceeding in this court, in which we determined that Missouri had jurisdiction over the children.
(footnote: 2)  We ordered the trial court to “communicate with the Missouri court . . . .  If the Missouri court does not determine that Texas is a more appropriate forum, the trial court shall dismiss all proceedings related to the initial child custody determination.”
(footnote: 3)  Our opinion and judgment issued on September 14, 2006.

Thereafter, Juli filed a motion in the trial court to dismiss the Tarrant County case—both the divorce and custody claims—with prejudice; Keith filed a response in opposition.  In his response, Keith contended that this court’s judgment in the prior mandamus proceeding applied only to the custody issues and that dismissal of the divorce proceedings was not required.
(footnote: 4)  He also requested a hearing on Juli’s motion.  However, on October 11, 2006, without first holding a hearing, the previous trial judge signed an order dismissing the case with prejudice.  Keith contends that Juli’s counsel presented the order to the judge ex parte.
(footnote: 5) 

On October 31, 2006, Keith timely filed a motion for new trial in which he claimed that the trial court erred by failing to hold a hearing on his motion to dismiss.  The trial court set a hearing on the motion for November 10, 2006. On November 1, 2006, Juli filed a motion to extend the time to respond to Keith’s motion for new trial on the ground that her counsel was ill and hospitalized.  Although Juli’s motion to extend was served on Keith’s counsel, the trial court entered an order granting Juli’s motion to extend without a hearing.  Keith contends that this order was also presented to the trial court ex parte. 

On December 1, 2006, Juli filed a pleading entitled “Respondent’s Objection and Brief in Support to Petitioner’s Motion for New Trial and Request for Hearing,” in which she contended that Keith’s motion for new trial should be denied without a hearing because the trial court had “contacted the Missouri Court and learned that Missouri was exercising ‘personal’ and ‘subject matter jurisdiction’ over the dispute between the parties.”  The response contains a certificate of service indicating that it was served on Keith’s counsel.  On November 9, 2006, Keith’s counsel agreed to reset the November 10, 2006 hearing on the motion for new trial; Juli’s counsel was to contact Keith’s counsel within thirty days to set a new date.  However, on December 4, 2006, the trial judge signed an order granting Juli’s objection to Keith’s motion for new trial.  Keith contends that this order, too, was presented to the trial judge ex parte.  Keith’s counsel did not learn about this order until January 3, 2007. 

On January 12, 2007, after the newly elected judge took the bench, Keith filed a second motion for new trial, contending that the trial court’s October 11, 2006 dismissal of the case was appropriate only with respect to the child custody issues.  Keith contended that Juli’s counsel’s actions in obtaining orders ex parte deprived him of his due process rights; he also contended that a denial of his second motion for new trial would violate his due process rights, and he sought attorney’s fees, sanctions, and costs.  The trial court set a hearing on the motion for February 5, 2007. 

Juli responded to Keith’s second motion for new trial on February 1, 2007, by filing a special appearance and motion to dismiss, in which she contended that the trial court’s plenary power over the judgment had expired.
(footnote: 6) On February 2, 2007, Lewis Barber, Jr., an Oklahoma-licensed attorney representing Juli, filed a motion to appear pro hac vice for the purpose of arguing the special appearance. 

The trial court held a hearing on the second motion for new trial on February 5, 2007.  The parties first argued Mr. Barber’s pro hac vice motion, which the trial court denied.  After hearing from counsel for both Juli and Keith on the merits of the second motion for new trial, the judge found that the cause had been dismissed on October 11, 2006; that the cause was subsequently “dismissed again” on December 4, 2006; and that the trial court’s plenary power to grant a new trial had expired.
(footnote: 7)  The trial court nevertheless ordered Juli to pay $1,000 in sanctions to Keith’s counsel because it “was a violation of due process to not notice Mr. Brown [about the presentation of the December 4, 2006 order to the trial judge] so that they could be present, at least, and set it [the first motion for new trial] for hearing.”  The trial court’s sanctions order states that “[a]s a result of actions by [Juli] or on her behalf, [Keith’s] right to due process under the United States and Texas Constitutions were [sic] violated in that he was not afforded an opportunity to be heard prior to the dismissal of this cause on December 4, 2006 and he did not receive timely notice of the dismissal.”  

Juli filed this original proceeding on March 1, 2007, challenging the trial court’s denial of her Oklahoma counsel’s pro hac vice motion and imposition of sanctions against her.  Keith has not appealed the trial court’s October 11, 2006 dismissal order, the order of December 4, 2006, or the order of February 5, 2007.

Issue Presented

Juli contends that the trial court lacked jurisdiction to impose sanctions against her because the order imposing sanctions was rendered after expiration of the trial court’s plenary jurisdiction over the October 11, 2006 dismissal order.  She also claims that there was no evidence that would support sanctions under Texas Rule of Civil Procedure 21b or 215.3b, that Keith did not present a motion for sanctions to the trial court that would support the trial court’s ruling, and that Keith failed to provide her with adequate notice that he would be seeking such sanctions. We do not reach the merits of the sanctions order because we conclude that the order is void.
(footnote: 8)
Standard of Review

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal.
(footnote: 9) 
 
A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.
(footnote: 10) 
 A trial court has no discretion in determining what the law is or in applying the law to the facts.
(footnote: 11)  Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus.
(footnote: 12)  The issuance of a void order is an abuse of discretion.
(footnote: 13)  
Mandamus is proper when the trial court issues an order that is void because it is issued after the trial court’s plenary power has expired.
(footnote: 14) 

Absent extraordinary circumstances, mandamus ordinarily will not issue unless relator lacks an adequate remedy by appeal.
(footnote: 15)  
However, cases involving void orders present a circumstance warranting mandamus relief.
(footnote: 16)  When an order is adjudged to be void, a relator need not additionally show the lack of an adequate remedy by appeal.
(footnote: 17)  

Analysis

In this case, the trial court initially retained plenary power for thirty days after signing the final judgment on October 11, 2006.
(footnote: 18) 
 The trial court’s plenary power in this case was extended to seventy-five days by the timely filing of Keith’s first motion for new trial on October 31, 2006.
(footnote: 19)  
Once extended, plenary power was retained by the trial court until the thirtieth day after the motion for new trial was overruled by written order or by operation of law.
(footnote: 20)  
The trial court’s plenary power cannot extend beyond 105 days after it signs the final judgment.
(footnote: 21)  
Judicial action taken by a trial court after its plenary power has expired is void.
(footnote: 22) 
 If the order signed on December 4, 2006, granting “Respondent’s Objection and Brief in Support to Petitioner’s Motion for New Trial,” constituted a written order overruling Keith’s motion for new trial, then the trial court’s plenary power expired thirty days thereafter, on January 3, 2007.  However, the wording of the December 4 order is less than clear.  It could be interpreted as simply a grant of Juli’s objection, rather than a denial of the motion for new trial.  Even so, Keith’s motion for new trial was nevertheless overruled by operation of law on December 25, 2006, the seventy-fifth day after the judgment was signed, and the trial court’s plenary power expired thirty days thereafter, on January 24, 2007.  Under either scenario, the trial court lost plenary power before the trial court rendered its sanctions order against Juli on February 5, 2007.
(footnote: 23)  
 

The trial court’s power to assess sanctions for matters occurring before judgment is the same as its power to decide any other motion
 
during its plenary jurisdiction.
(footnote: 24) 
 That is, the time during which it may impose sanctions based on pre-judgment conduct is limited to that of its plenary power.
(footnote: 25)  However, Keith argues that the trial court in this case retained power to order the sanctions against Juli even after its plenary power had expired because his motion complained only of postjudgment conduct, citing 
Wolma v. Gonzalez
.
(footnote: 26)   
Wolma
 does not assist Keith.  

First, 
Wolma 
did not involve postjudgment conduct.  That case held that the trial court retained continuing jurisdiction after expiration of its plenary power to grant Rule 13 sanctions for filing a frivolous lawsuit, i.e., pre-judgment conduct, because the motion for sanctions was for an independent and collateral matter.
(footnote: 27)  
Second, other courts have declined to follow 
Wolma
.  In 
Hjalmarson v. Langley
, the Waco Court of Appeals rejected the reasoning of
 Wolma
, pointing out that “[a] court has no more power to act in sanction matters without jurisdiction than it does elsewhere.”
(footnote: 28)  And to postulate that a trial court has continuing power to act on a collateral and independent claim for sanctions arising out of a cause over which it has lost jurisdiction “is a
 non

sequitur
.  A court cannot lose jurisdiction of a cause and yet still retain jurisdiction to act in that same cause.”
(footnote: 29)   

Third, in 
Scott & White
, the supreme court disapproved of 
Wolma 
to the extent that it held that pre-judgment conduct may be sanctioned after the trial court’s plenary power expires.
(footnote: 30) 
 Nothing in the supreme court’s decision in 
Scott & White 
indicates that sanctions for postjudgment conduct should be treated differently than sanctions for prejudgment conduct in the context of this case.  

Indeed, the trial court’s lack of power to order sanctions after its plenary power expires has been held to apply to sanctions for postjudgment conduct.  Specifically, in
 Malone
, involving a similar postjudgment order of sanctions to that in this case, 
the Dallas Court of Appeals held an order of sanctions void that was issued after expiration of plenary power for filing a frivolous motion for new trial.
(footnote: 31)  And in 
Kenseth
, the same court held that postjudgment sanctions for filing various postjudgment motions in connection with disbursement of funds from the court registry on remand after appeal were void because the sanctions orders were issued after that portion of the trial court’s plenary power had expired.
(footnote: 32)  
 

All sanctions for conduct of parties or their counsel before or after a judgment are, in effect, collateral and independent of the merits of a suit.
(footnote: 33)  We reject Keith’s reasoning, based upon 
Wolma, 
that the trial court retained power to assess sanctions after expiration of its plenary power based on his theory that sanctions are an independent and “collateral matter.”  Rather, a sanctions order is “tied to” the portion of the proceedings in which the sanctionable conduct occurred.
(footnote: 34)  Once the trial court’s plenary power over that part of the proceedings to which the sanctions motion relates expires, the court has no more power to sanction for conduct within those proceedings.
(footnote: 35) 
 Here the sanctions order was “tied to” the original trial proceedings because the sanctions were for conduct in presenting the order of dismissal and order denying Keith’s first motion for new trial ex parte to the trial judge.
(footnote: 36) 
 

Once a trial court’s plenary power has expired, it may only exercise limited activities with respect to its judgment.  The trial court retains jurisdiction after expiration of its plenary power for postjudgment proceedings to clarify and enforce its judgments.
(footnote: 37) 
 It may correct clerical errors in the judgment.
(footnote: 38)  It may supervise postjudgment discovery in aid of enforcement of the judgment.
(footnote: 39)  Trial courts have statutory and inherent power to enforce their judgments.
(footnote: 40)  Here there were no enforcement or other postjudgment proceedings that would have extended the trial court’s plenary power.  The sanctions motion was not a clarification or enforcement proceeding but was for conduct in connection with the dismissal and first motion for new trial, which related to the trial proceedings. 

Courts also have “inherent” power to sanction 
where necessary to deter, alleviate and counteract bad faith abuse of the judicial process.
(footnote: 41)  However, “a court’s inherent judicial power does not confer jurisdiction where none pre-exists by statutory or constitutional grant.
(footnote: 42)  Accordingly, once the trial court’s plenary power here expired, the trial court lost jurisdiction, and the sanctions order issued thereafter could not be based upon inherent power.     
 

Finally, in the alternative to his 
theory that the trial court retained jurisdiction to issue the sanctions order as a collateral or independent matter, Keith contends that his second motion for new trial was in substance a bill of review, thereby extending the court’s jurisdiction.  A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment that is no longer appealable or subject to a motion for new trial.
(footnote: 43)  To invoke the equitable power of the trial court, the party seeking a bill of review must file a petition alleging factually, and with particularity, sworn facts sufficient to constitute a meritorious defense, which he was prevented from making by fraud, accident, or wrongful act of the opposing party or as the result of official mistake, and unmixed with his own fault or negligence.
(footnote: 44)      Keith’s second motion for new trial is not sworn, does not allege particularized facts sufficient to constitute a meritorious defense, and alleges only intrinsic, not extrinsic, fraud.  According to Keith, he properly pleaded wrongful acts to support a bill of review petition, i.e., that the order of dismissal and order overruling his first motion for new trial were obtained ex parte.  But allegations of fraud or mistake by the opposing party’s counsel are insufficient to support a bill of review.
(footnote: 45)  Moreover, even if the second motion for new trial could be considered as a bill of review, as an “independent” proceeding it would not have extended the trial court’s plenary power to consider the sanctions issue because the sanctions were tied to the first motion for new trial over which the court’s plenary power had already expired.
(footnote: 46) 

Because the order assessing sanctions against Juli was rendered after the trial court’s plenary power had expired and there is no basis in the record to uphold the sanctions order as a legitimate exercise of the trial court’s limited postjudgment powers or its inherent power, we hold that the sanctions order is void. 

Conclusion

Having held that the sanctions order is void, we conditionally grant relator’s requested mandamus relief and order the trial court to vacate its February 5, 2007 sanctions order.  A writ will issue only if the trial court fails to comply with this court’s order.  We deny relief as to Juli’s complaints about the trial court’s denial of her Oklahoma counsel’s pro hac vice motion because that order was outside the trial court’s plenary power as well.

ANNE GARDNER

JUSTICE

PANEL A: LIVINGSTON, GARDNER, and WALKER, JJ.

DELIVERED: August 29, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
In re Brown
, 203 S.W.3d 888, 895 (Tex. App.—Fort Worth 2006, orig. proceeding). 

3:
Id
. at 895-96.   

4:
Keith filed his response on October 9, 2006.  On October 4, however, he had filed a “Counter-Petition For Dissolution Of Marriage” in the Missouri court, in which he asked the Missouri court to divide the parties’ marital property and debts. 

5:
All actions of the trial court prior to January 1, 2007, were taken by the former presiding judge of the court; a new judge took the bench on January 1, 2007, and it is her orders that Juli is challenging in this mandamus proceeding.

6:
Attached to the motion was an affidavit from Juli’s Texas counsel, in which he averred that it is his practice to serve all pleadings generated by his office on opposing counsel and that he was unaware that the December 4, 2006 order had been signed until December 15, 2006, when his paralegal contacted the court to find out if an order had been signed.  

7:
The judge also noted that jurisdiction over the entire proceeding, including the divorce, was more appropriate in Missouri.  

8:
See In re Boyd
, 34 S.W.3d 708, 711 (Tex. App.—Fort Worth 2000, orig. proceeding) (not reaching merits where mandamus would issue because trial court’s order was void); 
see also Waite v. Waite
, 150 S.W.3d 797, 800 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (noting whether judgment is void “must be the first issue addressed,” for if judgment is void, “we can go no further.”).     

9:
In re Prudential Ins. Co. of Am.
, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).  

10:
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)
.

11:
Id.
 at 840. 

12:
Id.

13:
Custom Corporates, Inc. v. Sec. Storage, Inc
., 207 S.W.3d 835, 838 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing
 
In re Sw. Bell Tel. Co.
, 35 S.W.3d 602, 605 (Tex. 2000)
)
.
 

14:
In re Sw. Bell Tel. Co.
, 35 S.W.3d at 605. 
   

15:
In re Van Waters & Rogers, Inc.
,145 S.W.3d 203, 210-11 (Tex. 2004) (citing 
Walker, 
827 S.W.2d at 839).  

16:
Id.

17:
In re Sw. Bell Tel. Co.
, 35 S.W.3d at 605.  

18:
Tex. R. Civ. P
. 329b(d) (providing “[r]egardless of whether an appeal has been perfected,” trial court retains plenary power for thirty days). 

19:
See
 Tex. R. Civ. P
. 329b(e); 
Lane Bank Equip. Co. v. Smith So. Equip. Inc.
, 10 S.W.3d 308, 310 (Tex. 2000).  

20:
See In re T.G.
, 68 S.W.3d 171, 177 (Tex. App.—
Houston [1
st
 Dist.] 2002, no pet.).

21:
L.M. Healthcare, Inc. v. Childs
, 929 S.W.2d 442, 444 (Tex. 1996) (op. on reh’g). 

22:
Kenseth v. Dallas County
, 126 S.W.3d 584, 599 (Tex. App.—Dallas 2004, pet. denied); 
In re T.G.
, 68 S.W.3d at 177 (citing 
State ex rel. Latty v. Owens
, 907 S.W.2d 484, 486 (Tex. 1995)). 

23:
The trial court’s order of February 5, 2007, refers to the order of December 4, 2006, as operating to dismiss the case a second time.  But the December 4 order does not purport to vacate the dismissal of October 11, 2006.  Absent circumstances indicating that the first judgment was vacated, a second judgment purporting to be final does not vacate the first and is a nullity as there can be only one final judgment in a case.
  City of Westlake Hills v. State ex rel. City of Austin
, 466 S.W.2d 722, 726-27 (Tex. 1971); 
Mullins v. Thomas
, 136 Tex. 215, 150 S.W.2d 83, 84 (1941); 
Azbill v. Dallas County Child Protective Servs. Unit
, 860 S.W.2d 133, 138 (Tex. App.—Dallas 1993, no writ).  Moreover, a reading of the order of December 4, 2006 clearly reveals that, whatever it was, it was not a dismissal.        

24:
Lane Bank Equip. Co., 
10 S.W.3d at 313-14 (upholding order entered within plenary power, granting timely filed postjudgment motion for sanctions that sought to add attorneys fees as sanctions for filing frivolous litigation)
; Scott & White Mem’l Hosp. v. Schexnider
, 940 S.W.2d 594
, 
596 (Tex. 1996) 
(holding trial court retained authority to act on postjudgment motion for sanctions for prejudgment conduct during its plenary power)
.

25:
Scott & White Mem’l Hosp., 
940 S.W.2d at 596.

26:
822 S.W.2d 302, 304 (Tex. App.—San Antonio 1991, orig. proceeding).  

27:
Id.

28:
840 S.W.2d 153, 155 (Tex. App.—Waco 1992, no writ). 

29:
Id.
; 
see also
 
Malone v. Hampton
, 182 S.W.3d 465, 470 (Tex. App.—Dallas 2006, no pet.); 
Jobe v. Lapidus
, 874 S.W.2d 764, 767 (Tex. App.—Dallas 1994, writ denied) (both declining to follow 
Wolma’s
 holding that trial court’s power to order Rule 13 sanctions survived expiration of its plenary power).

30:
Scott & White Mem’l Hosp
., 940 S.W.2d at 596, n.2. 

31:
182 S.W.3d at 470 (
holding void an order signed after plenary power expired that granted motion for sanctions against non-party for filing frivolous motion for new trial after judgment).

32:
126 S.W.3d at 599-600.

33:
See In re Bennett, 
960 S.W.2d 35, 39 (Tex. 1997) (citing
 Willy v. Coastal Corp
., 503 U.S. 131, 137, 112 S. Ct. 1076, 1080 (1992), as recognizing that sanctioning counsel for their conduct is collateral to the merits of a case).  

34:
Kenseth
, 126 S.W.3d at 600 (holding sanctions order void for conduct “tied to” court’s power to issue order disbursing funds);
 see also Mantri v. Bergman, 
153 S.W.3d 715, 718 (Tex. App.—Dallas 2005, pet. denied) (
quoting  
Kenseth
 and holding that sanctions must be “tied to” phase of case in which sanctioned conduct occurred); 
Glover Constr., Inc. v. Chemmark Corp.
, No. 02-04-310-CV, 2005 WL 588795, at *2 (Tex. App.—Fort Worth 2005, no pet.) (order not designated for publication) (denying abatement to seek sanctions for filing fraudulent motion for new trial as conduct and sanctions were necessarily “tied to” trial proceedings).  

35:
Malone, 
182 S.W.3d at 469-70;
 Kenseth, 
126 S.W.3d at 600. 

36:
See Malone
, 182 S.W.3d at 470; 
Glover Constr., Inc.,
 2005 WL 588795, at *2.

37:
Malone, 
182 S.W.3d at 470 (citing 
Thomas v. Oldham
, 895 S.W.2d 352, 356 (Tex. 1995)) (“Any document other than a motion to enforce or clarify, filed after the expiration of the trial court’s plenary jurisdiction, would be a nullity. . . .”).
 

38:
See 
Tex. R. Civ. P. 316; 
see also Comm. for Lawyer Discipline v. DeNisco, 
132 S.W.3d 211, 214-15 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (“After the trial court loses its jurisdiction over a judgment, it can correct only clerical errors in the judgment by judgment nunc pro tunc.”).   

39:
See 
Tex. R. Civ. P. 
621a;
 see also Custom Corporates, Inc., 
207 S.W.3d at 839
.

40:
Tex. R. Civ. P. 308 (“
The court shall cause its judgments and decrees to be carried into execution.”); 
see Arndt v.
 
Farris, 
633 S.W.2d 497, 499 ( Tex. 1982
) (orig. proceeding) (“The general rule is that every court having jurisdiction to render a judgment has the inherent power to enforce its judgments.”).  

41:
Arndt, 
633 S.W.2d at 499 (noting trial courts have power to sanction parties for bad faith abuse of judicial process not covered by rule or statute); 
Eichelberger v. Eichelberger
, 582 S.W.2d 395, 398 (Tex. 1979) (recognizing inherent power “to aid in the exercise of [a court’s] jurisdiction, in the administration of justice, and in the preservation of its independence and integrity”).  

42:
Hjalmarson,
 840 S.W.2d at 155; 
see Eichelberger
, 582 S.W.2d at 399 (“Under our system there is no such thing as inherent power of a court, ‘if by that be meant a power which a court may exercise without a law authorizing it.’”).  

43:
Tex. R. Civ. P. 329
b(f); 
Middleton v. Murff, 
689 S.W.2d 212, 213 (Tex. 1985).  

44:
State v. 1985 Chevrolet Pickup Truck, 
778 S.W.2d 463, 464 (Tex. 1989).  

45:
King Ranch, Inc. v. Chapman, 
118 S.W.3d 742, 752 (Tex. 2003).

46:
Finally, we note that Keith never presented the argument to the trial court that his second motion for new trial should have been considered as a bill of review.