

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00074-CV

_____

JOSHUA SMITH, D/B/A FRACTIONAL
TRANSPORTATION, L.L.C., Appellant

V.

I-30 BUSINESS PARK, LTD., Appellee

On Appeal from the County Court at Law No. 2
Hunt County, Texas
Trial Court No. CC-09-00258

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

On November 1, 2008, Fractional Transportation, L.L.C., a Nevada limited liability company owned by Joshua Smith, leased a building from I-30 Business Park, Ltd., to store equipment. After disputes developed between the parties,[1] Smith ceased paying rent on the building. On May 8, 2009, the Business Park filed a forcible detainer action against Smith, in his personal capacity, in a Hunt County justice court. The justice court authorized alternative service by posting a notice at the leased facilities.[2]

A no answer default judgment was taken against Smith in justice court. Smith, however, filed an appeal of the justice court judgment to the Hunt County Court at Law No. 2. Smith filed, in the county court at law, an answer, which included a counterclaim for filing a fraudulent affidavit, and a motion to dismiss. On December 9, 2009, Smith faxed a document titled "DEFENDANT'S NOTICE TO COURT" to the trial court alleging he was "coming down with the flu" and requesting that the trial court either reschedule the hearing or grant Smith's motion to dismiss. This document was filed on December 10, 2009. On December 11, 2009, the trial court

---

[1]Smith alleges the space initially proved to be unsuitable when the building failed to be large enough to accommodate a commercial bus his company owned. Smith alleges the Business Park provided space in another building to accommodate the bus without additional charge. Smith alleges he later discovered the address on the lease was incorrect. According to Smith, this alleged defect voided the lease and his insurance company threatened to terminate his insurance policy unless the defect was remedied. Smith alleges the Business Park refused to "draw up new lawful contracts" and eventually "locked out the Fractional at both the Primary and free spaces . . . ."

[2]The Business Park listed three alternative addresses for Smith in its sworn complaint for eviction. Smith alleges personal service was only attempted at the leased premises of which he had been locked out.

signed a post-answer default[3] final judgment awarding "lost rent and lost income in the amount of $13,325.00" and $4,427.63 in attorneys' fees to Michael B. Barnard.[4]  Smith filed a motion for new trial on December 15, 2009, which was overruled by operation of law on February 24, 2009.[5] *See* TEX. R. CIV. P. 329b(c).  After the first motion for new trial was overruled by operation of law, but before the trial court's plenary power expired under TEX. R. CIV. P. 329b(e), the trial court signed, on March 17, 2010, a reformed judgment awarding "back rent of $6550.00 and attorney fees and court costs of $4,427.63."[6]  Smith timely filed another motion for new trial, which was

---

[3]The judgment provides Michael B. Barnard and his attorneys were "[p]resent at this hearing," but "[a]lthough called from the door of the courtroom, no one appeared on behalf of Joshua Smith dba Fractional Transportation, LLC." The judgment does not specify what date the hearing was held, but Smith does not complain about the failure to specify the date of the hearing.  The record contains a document titled "DEPUTY REPORTER STATEMENT" in which the court reporter certifies she "worked the following date in the above court and on the above case."  This document was signed on December 10, 2009.  The reformed judgment states trial occurred on December 10, 2009.

[4]The forcible detainer action was filed on behalf of the Business Park by "Michael Barnard 'Authorized member.'"

[5]The record contains an order explicitly overruling Smith's motion for new trial signed on March 17, 2010.  The record indicates a hearing was held on Smith's motion for new trial on March 4, 2010.

[6]Except when "specially provided by law," there may be but "one final judgment" rendered in any cause.  TEX. R. CIV. P. 301.  The entry of a second judgment in the same case does not automatically vacate the first judgment; if there is nothing in the record to show the first judgment was vacated, the second judgment is a nullity.  *See Walnut Equip. Leasing Co. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996); *Mullins v. Thomas*, 136 Tex. 215, 217, 150 S.W.2d 83, 84 (1941); *Gainesville Oil & Gas Co. v. Farm Credit Bank of Tex.*, 795 S.W.2d 826, 828 (Tex. App.—Texarkana 1990, no writ).  "It is not necessary that the second judgment expressly state that the first judgment is vacated, though this would be the preferable procedure."  *City of W. Lake Hills v. State*, 466 S.W.2d 722, 726 (Tex. 1971) (finding corrected judgment vacated first judgment); *Azbill v. Dallas County Child Protective Servs. Unit of Tex. Dep't of Human & Regulatory Servs.*, 860 S.W.2d 133, 139 (Tex. App.—Dallas 1993, no writ).  In this case, the second judgment is titled "REFORMED JUDGMENT," disposes of all parties and all claims, and orders a reduced damage award.  The reformed judgment in this case vacated the first judgment.

overruled by operation of law.[7]  Smith filed a notice of appeal to this Court on June 17, 2010.[8]

After giving notice to the appellee, this case was submitted without an appellee's brief.

Although Smith's brief on appeal fails to contain an "issues presented" section listing his issues or points of error, we have interpreted his brief as containing six points of error.  Smith complains (1) the evidence is factually insufficient, (2) the service of process was defective, (3) he could not be sued in his personal capacity, (4) the amount of damages exceeded the jurisdictional limits of the court, (5) the trial court erred in denying his motion for new trial because a trial de novo in county court violated his constitutional rights, and (6) the trial court erred in denying his motion for new trial because no notice of the trial setting was provided.  We affirm.

## (1)     Without a Reporter's Record, We Must Presume the Evidence Is Factually Sufficient

In his first point of error, Smith complains that the evidence is factually insufficient.  Smith provides no argument and cites no authority for this point of error.  This point of error could be overruled as inadequately briefed.  Further, we note Smith failed to obtain a reporter's record for this appeal.  If the record is incomplete and the appellant has not complied with TEX. R.

---

[7]This motion was titled "DEFENDANT'S THIRD MOTION FOR NEW TRIAL."  The record does not contain a second motion for new trial, but does contain a motion titled "SECOND AMENDED MOTION TO RECUSE OR, IN THE ALTERNATIVE, TO SET A HEARING ON THE MOTION FOR NEW TRIAL."  The motion merely requests a hearing to be held on the motion for new trial.

[8]The notice of appeal was due on June 15, 2010.  Smith signed the notice of appeal on June 14, 2010.  The record does not indicate whether the notice of appeal was sent by U.S. mail.  *See* TEX. R. APP. P. 9.2.  Even if the mailbox rule does not apply, a motion to extend time to file a notice of appeal is necessarily implied when an appellant, acting in good faith, files a perfecting instrument beyond the time allowed for perfecting an appeal, but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline.  *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

APP. P. 34.6(c), the appellate court must presume that the omitted evidence supports the judgment or order from which the appeal is taken. *In re Estate of Arrendell*, 213 S.W.3d 496, 503 (Tex. App.—Texarkana 2006, no pet.); *see Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002); *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) (per curiam). Without a reporter's record, we must presume the missing record would contain evidence to support the trial court's rulings on factual sufficiency. Smith's first point of error is overruled.

**(2)     Smith Waived Any Service Defects by Appearing in the County Court at Law**

In his second point of error, Smith complains that the service of process was defective. Smith alleges service was only attempted at the storage unit and Business Park never attempted to serve him at his private residence. Regardless of whether Smith's allegations are correct, Smith waived any defects in service by appealing the judgment of the justice court and filing an answer. *See* TEX. R. CIV. P. 120, 121; *see also Baker v. Monsanto Co.*, 111 S.W.3d 158, 160 (Tex. 2003) (per curiam); *Montgomery v. Chase Home Fin., LLC*, No. 05-08-00888-CV, 2009 Tex. App. LEXIS 7020 (Tex. App.—Dallas Sept. 2, 2009, no pet.) (mem. op.) ("An appeal bond operates as an answer and appearance in a county court at law . . . ."). Smith's second point of error is overruled.

**(3)     Smith Waived the Issue of Capacity**

In his third point of error, Smith argues he signed the lease only in his official capacity as a member of a limited liability company and the trial court erred in granting judgment against Smith

in his personal capacity.[9]   In order to complain that he was not liable in the capacity in which he was sued, Smith had the duty to raise that affirmative defense in a verified pleading in accordance with Rule 93 of the Texas Rules of Civil Procedure.   *See* TEX. R. CIV. P. 93; *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 56 (Tex. 2003) (waived by failing to raise in verified pleading at trial court); *W.O.S. Constr. Co. v. Hanyard*, 684 S.W.2d 675, 676 (Tex. 1985) (per curiam); *Butler v. Joseph's Wine Shop, Inc.*, 633 S.W.2d 926, 929 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).   Although Smith complained about the issue in his answer and motion to dismiss, the record does not contain any verified pleading complaining about capacity.   Absent a verified pleading raising the defense, only trial by consent will prevent waiver of the issue of capacity. *RE/MAX of Tex., Inc. v. Katar Corp.*, 961 S.W.2d 324, 328 (Tex. App.—Houston [1st Dist.] 1997), *pet. denied*, 989 S.W.2d 363 (Tex. 1999); *see Au Pharm., Inc. v. Boston*, 986 S.W.2d 331, 340 (Tex. App.—Texarkana 1999, no pet.).   In the absence of a reporter's record, we must presume

---

[9]Smith complains that the "Defendant had no standing."   The substance of Smith's complaint is that he is not liable in his personal capacity because the contract was signed in his official capacity as a member of the limited liability company.   "The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome, whereas the issue of capacity 'is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate.'"   *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005) (quoting 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL 2d § 1559, at 441 (2d ed. 1990)).   The caselaw cited by Smith concerns capacity or attempts to disregard the corporate entity.   *See Byrd v. Estate of Nelms*, 154 S.W.3d 149, 155 (Tex. App.—Waco 2004, pet. denied) (legal capacity to sue under an assumed name); *S.I. Prop. Owners' Ass'n v. Pabst Corp.*, 714 S.W.2d 358, 362 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.) (alter ego doctrine); *Bluebonnet Farms, Inc. v. Gibraltar Sav. Ass'n*, 618 S.W.2d 81, 84 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (capacity to sue); *Rimco Enters., Inc. v. Tex. Elec. Serv. Co.*, 599 S.W.2d 362, 365 (Tex. Civ. App.—Fort Worth 1980, writ ref'd n.r.e.) (capacity to sue and be sued).

there is evidence in the record to support the trial court's judgment.[10] *See Arrendell*, 213 S.W.3d at 503. Smith's third point of error is overruled.

**(4)     Without a Reporter's Record, We Must Presume There Is Evidence to Support the Damage Award**

In his fourth point of error, Smith complains there is no evidence to support the $6,500.00 in damages and the $4,427.63 in attorneys' fees awarded by the trial court in its reformed judgment. Smith alleges he owed only seven months of rent—$4,550.00. Smith argues that the reformed judgment includes damages which exceed the amount of rent due and cites *Krull v. Somoza*, which holds "damage claims *related* to maintaining or obtaining possession of the premises may be joined" with the forcible detainer action, but "damages for other causes of action . . . are *not* recoverable in a forcible entry and detainer action." 879 S.W.2d 320, 322 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Without a reporter's record, we are unable to determine what evidence was presented to the trial court concerning damages.[11] In the absence of a reporter's record, we must presume there is evidence in the record to support the trial court's judgment. *See Arrendell*, 213 S.W.3d at 503.

---

[10]In a letter brief to the trial court, the Business Park alleges Fractional Transportation, L.L.C., is a "defunct Nevada Corporation."

[11]The lease agreement provides:

> [i]f on account of any breach or default of any party hereto in its obligations to any party hereto (including but not limited to the Principal Broker), it shall become necessary for the non-defaulting party to employ an attorney to enforce or defend an [sic] of its rights or remedies hereunder, the defaulting party agrees to pay the non-defaulting party its reasonable attorney's fees . . . .

7

Smith also complains, in his fourth point of error, that the award exceeded the jurisdictional limits of the court. Smith argues that the jurisdictional limits of justice courts should apply to this appeal. Smith, though, has failed to provide this Court with any authority that a trial de novo of a forcible detainer action in county court is limited to the jurisdictional limits of the justice court. Because the primary issue in a forcible detainer suit is possession and that issue provides the court with jurisdiction, the Texas Supreme Court has held, under Rule 752, that a party may recover the specified damages "regardless of the amount so long as [the prevailing party] can prove such damages." *Haginas v. Malbis Mem'l Found.*, 163 Tex. 274, 354 S.W.2d 368, 372 (1962). The First District Court of Appeals has explained *Haginas* as follows:

> In other words, in a trial *de novo* in a forcible-detainer proceeding on appeal in county court, a prevailing party may recover the damages allowed by rule 752 even if the amount of those damages exceeds the amount-in-controversy limit of the county court's original jurisdiction.

*Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 434–35 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Smith's fourth point of error is overruled.

**(5)** **Whether the Trial De Novo Violated Smith's Constitutional Rights Is Inadequately Briefed**

In his fifth point of error,[12] Smith argues the trial court erred in denying his motion for new trial because "a trial de novo violated Defendant's federal and state constitutional rights." Smith fails to provide this Court with any authority for the argument that the trial de novo—the normal

---

[12]We note that Smith complains about not receiving notice of the trial setting in his sixth point of error. To the extent Smith's complaint in his fifth point of error can be interpreted as complaining about notice, it is overruled for the reasons stated in addressing his sixth point of error.

procedure for an appeal of a forcible detainer from a justice court which is not a court of record—violated his federal and state constitutional rights. The law is well settled that "[a] party proceeding pro se must comply with all applicable procedural rules" and is held to the same standards as a licensed attorney. *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no pet.). We review and evaluate pro se pleadings with liberality and patience, but otherwise apply the same standards applicable to pleadings drafted by lawyers. *Foster v. Williams*, 74 S.W.3d 200, 202 n.1 (Tex. App.—Texarkana 2002, pet. denied). The Texas Rules of Appellate Procedure require an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Smith's complaint that the trial de novo violated his constitutional rights is overruled as inadequately briefed.

**(6)    The Trial Court Did Not Err in Denying Smith's Motion for New Trial**

In his fifth and sixth points of error, Smith argues that the trial court erred in denying his motion for new trial because "there never was an [o]rder setting trial in this case" and because he never received notice of the trial setting. Smith alleges that he never received notice of a trial date in violation of his right to due process.[13] In his motion for new trial filed after the trial court reformed the judgment, Smith complains that he failed to receive notice of the trial setting.

---

[13]The Texas Rules of Civil Procedure require notice of the trial setting to be sent by personal service, courier receipted delivery, certified or registered mail, fax, or by any other manner as the trial court in its discretion may direct. TEX. R. CIV. P. 21a. Smith cites *P. Bosco & Sons Contracting Corp. v. Conley, Lott, Nichols Machinery Co.*, which held notice by regular mail was inadequate to qualify under TEX. R. CIV. P. 21a when there is no evidence such method of

The Texas Supreme Court has held the standards announced in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939), apply to post-answer default judgments. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) (per curiam); *Lopez v. Lopez*, 757 S.W.2d 721, 722 (Tex. 1988) (per curiam). A default judgment should be vacated and a new trial granted when the defaulting party establishes:

> (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff.

*Dolgencorp*, 288 S.W.3d at 926; *Craddock*, 133 S.W.2d at 126. When a defendant did not receive actual or constructive notice of trial, due process prevents application of the second and third prongs of the *Craddock* test. *See Lopez*, 757 S.W.2d at 722; *In re Parker*, 20 S.W.3d 812, 817 (Tex. App.—Texarkana 2000, no pet.). Due process requires that a party to a lawsuit receive reasonable notice of a trial setting. *Peralta v. Heights Med. Ctr., Inc*., 485 U.S. 80, 84 (1988); *In re Marriage of Parker*, 20 S.W.3d 812, 818 (Tex. App.—Texarkana 2000, no pet.). A judgment that is entered without proper notice to the parties is constitutionally infirm. *Peralta*, 485 U.S. at 84.

---

notice was actually directed by the trial judge. 629 S.W.2d 142, 144 (Tex. App.—Dallas 1982, writ ref'd n.r.e.). Although Smith complained to the trial court that the notice of the trial setting violated the Texas Rules of Civil Procedure, Smith does not explain how the notice violated the Rules. Thus, Smith's complaint was inadequate to make the trial court aware of his complaint and to preserve any error based on the Texas Rules of Civil Procedure. *See* TEX. R. APP. P. 33.1.

The record in this case does not affirmatively show Smith failed to receive notice.[14]   We presume a trial court will hear a case only after the parties have received proper notice.[15]   *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.); *Jones v. Tex. Dep't of Public Safety*, 803 S.W.2d 760, 761 (Tex. App.—Houston [14th Dist.] 1991, no writ).   "To overcome this presumption, an appellant must affirmatively show a lack of notice."   *Blanco*, 20 S.W.3d at 811.   We note that Smith failed to file any supporting affidavits to either motion for new trial asserting that he failed to receive notice of the trial setting.   TEX. R. CIV. P. 567.   The record does contain a document titled "DEFENDANT'S NOTICE TO COURT" filed on December 10, 2009, which alleges Smith was "coming down with the flu" and requested that the trial court either reschedule the hearing or grant Smith's motion to dismiss.[16]   This document indicates Smith was aware a hearing was scheduled for December 10, 2010.   Smith states in his first motion for new trial that "[o]n October 12, 2009 the Defendant contacted the court administrator and had the hearing rescheduled for December 10, 2009, due to health issues."   Although his first motion for new trial had already been overruled as a matter of law, the trial court held a hearing on March 4,

---

[14]Two of the cases cited by Smith concern situations where the record affirmatively shows no notice was provided. *LBL Oil Co. v. Int'l Power Servs., Inc*., 777 S.W.2d 390, 391 (Tex. 1989) (per curiam) ("The record here establishes that Lindley had no actual or constructive notice of the hearing . . . ."); *Sebastian v. Braeburn Valley Homeowner's Ass'n*, 872 S.W.2d 40, 41 (Tex. App.—Houston [1st Dist.] 1994, no writ) (notice postcard returned undelivered and marked "forwarding order expired").

[15]Notice of a trial setting is distinguishable from service of citation.   Strict compliance with the rules for service of citation must "affirmatively appear on the record in order for a default judgment to withstand direct attack."   *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam).

[16]Smith does not argue this motion should be construed as a motion for continuance.

11

2010, on the first motion for new trial.   The trial court still had plenary power over the case.   TEX.

R. CIV. P. 329b(e).   In its order of March 17, 2010, denying the motion, the trial court states:

2.      The Court had set this matter for trial on October 12, 2009, but that setting was put off because of Defendant's telephone call that he was preparing for major surgery.   At Defendant's request, the case was reset until December 10, 2009.

3.      On December 8, 2009, Defendant Smith again called the court and wanted to reset the trial but was advised he would have to get consent from the Plaintiff.   The Defendant filed no motion for continuance nor did he appear on December 10, 2009 for trial.

The record does not contain a reporter's record from the March 4, 2010, hearing.   Without a complete record, we must presume the missing portions of the record would support the trial court's decision.   *See Arrendell*, 213 S.W.3d at 503.   Smith's complaint that he did not receive notice of the trial setting in violation of his right to due process is overruled.

Assuming without deciding that Smith's allegation he was ill was sufficient to meet the first prong of the *Craddock* test, Smith has made no effort to establish the second or third prongs of the test.   Smith has failed to establish his motion for new trial should have been granted under the *Craddock* test.   The trial court did not err in denying Smith's motion for new trial.

For the reasons stated, we affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted: November 18, 2010
Date Decided: December 1, 2010