Kelvin **MALONE**, Appellant,

v.

Roderick **HAMPTON**, Appellee.

No. 05–04–01724–CV.

Court of Appeals of Texas, Dallas.

Jan. 18, 2006.

Richard K. Malone, Dallas, for Appellant.

William Randall Ackerman, Ackerman & Savage, L.L.P., Dallas, for Appellee.

Before Justices MORRIS, WRIGHT, and RICHTER.

## OPINION

Opinion By Justice RICHTER.

Kelvin Malone appeals the trial court's "amended order on October 22, 2004 hearing" imposing $300 in sanctions against him for filing a motion for new trial the court found to be "frivolous" and brought "for the purposes of harassment." Malone asserts in one issue that the court's order is void because the court had lost jurisdiction. In three additional issues, Malone asserts the court abused its discretion in sanctioning him because he had a right as a matter of law to file the motion, no evidence exists to support the imposition of sanctions, and the court incorrectly applied the procedures for sanctions. Agreeing with Malone that the court had lost jurisdiction, we conclude the order is void and dismiss this appeal. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485–86 (Tex.1995) (per curiam) (on appeal from trial court order entered after expiration of trial court's plenary jurisdiction, court of appeals should declare order void and dismiss appeal).

## Background

Malone represented Markita Evans–Hampton in a divorce proceeding against Roderick Hampton, but moved to withdraw as counsel after Evans–Hampton entered into an agreement with Hampton without Malone's knowledge. Malone's motion to withdraw was set for hearing August 16, 2004 at 9:00 a.m., the same day and time as Hampton's motion for judgment.

The trial judge heard Malone's motion first and allowed him to withdraw. Then, before the judge could hear Hampton's motion for judgment, Malone moved for a continuance so that he could "file an intervention for [his] attorney's fees." Noting that Evans–Hampton had failed to return his calls, would not acknowledge his correspondence to her, and had failed to pay him $4,500 in fees, Malone argued that because his fees arose from the divorce and the court was familiar with the case, it would be "judicially efficient" for the court to hear the matter. The trial judge denied Malone's request and, without hearing supporting evidence, granted Hampton's motion for judgment and signed the final decree of divorce the day of the hearing. A few minutes later, Malone filed his petition in intervention. Neither the parties nor the court acted on Malone's petition and, on September 15, 2004, the thirtieth day from judgment, Malone filed a motion for new trial. In the motion, which was set for hearing October 22, 2004, Malone noted his petition in intervention had not been heard and no evidence regarding the liabilities of the marital property community estate had been presented prior to the court's entry of the decree. Malone also stated that, if he could not intervene and seek his fees in the divorce proceeding, he would have "no adequate remedy at law."

Evans–Hampton did not respond to Malone's motion, but on October 14, Hampton filed a written response seeking sanctions

against Malone pursuant to Texas Rules of Civil Procedure 13 and 215 and chapters 9 and 10 of the Texas Civil Practice and Remedies Code. In support of his request for sanctions, Hampton argued that Malone, having withdrawn as counsel prior to entry of the decree, had no standing to bring the motion for new trial and further that the motion was "unsupportable in law, frivolous, groundless, and brought in bad faith" and for the "purpose of causing needless increase in the costs of litigation" and "harassment." Hampton also argued that Malone's statement in his motion that he had "no [other] adequate remedy at law" was an "attempt[ ] to perpetrate a fraud on and mislead the Court" because Malone could file an original lawsuit against Evans–Hampton to obtain a judgment for his attorney's fees. For reasons unclear from the record, Malone was not served a copy of this response until October 20, two days before the hearing.

At the hearing, Malone moved to withdraw his motion for new trial and objected to proceeding on Hampton's request for sanctions because of inadequate notice. In reply, Hampton reiterated the arguments made in his written response to Malone's motion and offered into evidence a copy of an October 11 letter he sent to Malone stating he found the motion "without merit and frivolous" and that, unless Malone "removed" his motion "from the docket" by October 13, he would "be left with no choice but to file a motion for sanctions." Malone objected to the letter, but the court overruled his objection and, after hearing brief argument, granted Hampton's request for sanctions.

### Discussion

■ A trial court may impose sanctions after a judgment is entered so long as it retains plenary jurisdiction. *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex.1996) (per curiam); *In re T.G.*, 68 S.W.3d 171, 176 (Tex.App.-Houston [1st Dist.] 2002, pet. denied) (op. on reh'g). Generally, a court retains jurisdiction over a case for thirty days after entry of judgment. Tex.R. Civ. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex.2000). This period is extended, however, upon the timely filing of a motion for new trial or motion to correct, modify, or reform the judgment. *Lane Bank*, 10 S.W.3d at 310. If one of these motions is filed by a party to the suit within thirty days from judgment, the court's plenary power is extended up to an additional seventy-five days. *Id.* A non-party may not move for a new trial or file a post-judgment motion to extend the court's plenary jurisdiction unless the non-party successfully intervenes. *State & County Mut. Fire Ins. Co. v. Kelly*, 915 S.W.2d 224, 227 (Tex.App.-Austin 1996, no writ). A non-party successfully intervenes if he files a plea in intervention prior to entry of judgment and the court does not strike the plea on motion of a party. *In re Barrett*, 149 S.W.3d 275, 279 (Tex.App.-Tyler 2004, orig. proceeding). A non-party may also successfully intervene post-judgment provided that both the plea is filed and the judgment is set aside within thirty days from judgment. *Id.; see also First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex.1984) (orig.proceeding) (per curiam) ("[a] plea in intervention comes too late if filed after judgment and may not be considered unless and until the judgment has been set aside"). Judicial action taken after the expiration of the court's jurisdiction is a nullity, and any orders signed outside the court's plenary jurisdiction are void. *Latty*, 907 S.W.2d at 486.

■ Here, having signed the final decree of divorce on August 16, 2004, the trial court retained jurisdiction over the

case until at least September 15, 2004, the thirtieth day from judgment. TEX.R. CIV. P. 329b(d). Although Evans–Hampton and Hampton, as parties to the divorce, could have extended this period up to an additional seventy-five days by timely filing a motion for new trial or to correct, modify, or reform the judgment, neither did. The only motion for new trial filed was that of Malone who filed as intervenor. However, to have successfully intervened and been effective in extending the court's plenary jurisdiction, Malone had to have filed his petition in intervention prior to the entry of the divorce decree or had the decree set aside within thirty days from judgment. *See Barrett,* 149 S.W.3d at 279. Neither occurred. Accordingly, Malone's motion for new trial did not extend the court's plenary jurisdiction beyond September 15 and the court's sanction order, entered in October, is void.

In reaching this conclusion, we necessarily reject Hampton's arguments that the court's sanction orders are not void. Specifically, Hampton argues that (1) Malone's post-judgment plea in intervention was timely because it "did not attack the substance, validity, or enforceability of the underlying judgment itself"; (2) even if the court's plenary jurisdiction had expired, the court retained jurisdiction to award sanctions because it was a "collateral matter"; and (3) declaring the order void "does not serve sound judicial policy."

In making his first argument, that Malone's plea in intervention was timely, Hampton relies on *Breazeale v. Casteel,* 4 S.W.3d 434 (Tex.App.-Austin 1999, pet. denied). *Breazeale* involved a turnover motion. *Id.* at 435. Lorie Breazeale filed the motion six years after obtaining a judgment against William Casteel and a year after Casteel obtained a judgment in an unrelated lawsuit against Crown Life Insurance Company. *Id.* Casteel, however, had earlier assigned portions of his interest in the Crown judgment to four other parties. *Id.* To protect their interests, each of these parties filed a plea in intervention in Breazeale's action. *Id.* Breazeale moved to strike the pleas, arguing they were untimely because the original lawsuit had ended and the judgment had been obtained six years earlier. *Id.* The trial court overruled Breazeale's motion and on appeal, the court of appeals affirmed that ruling. *Id.* at 435–36. In affirming the ruling, the court recognized the longstanding principle that intervention is not permitted after a final judgment has been entered. *Id.* at 436. The court noted, however, that because the very nature of a turnover proceeding requires a final judgment, it would be impossible to intervene before rendition of judgment. *Id.* at 437. The court concluded that because the intervenors did not seek to alter or nullify the judgment Breazeale had obtained against Casteel, but sought only to protect their own interests in Casteel's lawsuit against Crown—the basis for Breazeale's turnover motion—their interventions were not untimely. *Id.*

*Breazeale* is inapposite to the facts before us. Unlike the intervenors in *Breazeale,* and contrary to Hampton's argument, Malone sought to alter the underlying judgment in this case by seeking a specific award of attorney's fees for services rendered, a matter properly part of the divorce suit. Moreover, unlike the *Breazeale* intervenors whose basis for intervening stemmed not from Breazeale's original suit against Casteele but from their assignment of portions of interest in Casteele's judgment in an unrelated suit after Breazeale had obtained a judgment from Casteele, Malone's basis for intervening stemmed from his representation in the divorce itself. We find no merit to Hampton's reliance on *Breazeale.*

We also find no merit to Hampton's argument that even if Malone's plea in intervention was untimely, the court nonetheless retained jurisdiction to order sanctions. In making this argument, Hampton relies on *Wolma v. Gonzalez,* 822 S.W.2d 302, 302 (Tex.App.-San Antonio 1991, orig. proceeding). In *Wolma,* the trial court signed an order granting a motion for sanctions after its plenary jurisdiction had expired. *Wolma,* 822 S.W.2d at 303. The motion had been filed after the court signed the final judgment but before the court's plenary jurisdiction expired. *Id.* Finding sanctions to be "collateral matters unrelated to the merits of the case out of which they arise" and relying on federal authorities, the San Antonio Court of Appeals affirmed the award. *Id.* However, in *Jobe v. Lapidus,* 874 S.W.2d 764 (Tex. App.-Dallas 1994, writ denied), this Court specifically declined to follow *Wolma,* and Hampton has provided us no argument, nor do we find any basis, to disavow *Jobe* and follow *Wolma.* Moreover, the facts in *Wolma* are distinguishable from the facts before us. Unlike the *Wolma* motion which was filed *prior* to the expiration of the court's plenary power, the motion here was filed *after* the court's plenary power had expired.

■ Finally, we find no merit to Hampton's argument that declaring the order void "does not serve sound judicial policy." Hampton notes that "[t]he filing of papers with trial courts and service of papers on litigants causes litigants additional and unnecessary expense along with the additional and unnecessary stress of having been served" and argues that "[i]f one takes [Malone's] argument seriously, the necessary consequence would be that thirty-one days after the entry of any judgment, any person could file any frivolous and harassing document that he chose without the threat of sanction." We disagree that a person choosing to file a document after the court's plenary jurisdiction has expired simply to harass another party would be "the necessary consequence" of our concluding that in this case, the court's order, having been signed after the expiration of its plenary jurisdiction, is void. Any document, other than a motion to enforce or clarify, filed after the expiration of the trial court's plenary jurisdiction, would be a nullity as a suit ends when the trial court's plenary power over the proceeding ends. *See Thomas v. Oldham,* 895 S.W.2d 352, 356 (Tex.1995); *Jobe,* 874 S.W.2d at 767. The very purpose of limiting a trial court's plenary power over a proceeding is to foreclose the possibility of a suit continuing indefinitely even though a final judgment has been obtained.

We resolve Malone's first issue in his favor, and because this issue is dispositive of the appeal, we do not address Malone's other three issues. We conclude the "amended order on October 22, 2004 hearing" is void and dismiss the appeal.