ACCEPTED
05-15-00104-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
2/6/2015 10:14:43 AM
LISA MATZ
CLERK

NO. 05-15-00104-CV

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
DALLAS, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
2/6/2015 10:14:43 AM
LISA MATZ
Clerk

---

*In re* TONY R. SAAD

---

FROM 254TH DISTRICT COURT
DALLAS COUNTY, TEXAS
HON. JAMES MARTIN PRESIDING
CAUSE NO. DF-14-14203

---

**REPLY IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS
BY RELATOR TONY R. SAAD**

---

Jeffrey W. Hellberg, Jr.
 Texas State Bar No. 00796738
 jeff.hellberg@wickphillips.com
Darla J. Gabbitas
 Texas State Bar No. 24089458
 darla.gabbitas@wickphillips.com

WICK PHILLIPS GOULD MARTIN, LLP
3131 McKinney Ave., Suite 100
Dallas, Texas 75204
(214) 692-6200 (office)
(214) 692-6255 (facsimile)

**ATTORNEYS FOR RELATOR
TONY R. SAAD**

# I.    **INDEX**

I.      INDEX ................................................................................................................... i

II.     TABLE OF CASES ................................................................................................ ii

III.    PRELIMINARY STATEMENT ............................................................................. 1

IV.     ARGUMENT AND AUTHORITIES .................................................................... 2

   A.    The Award Did Not Make Anderson A Party of Record. ................................. 3

   B.    Equity Cannot Extend A Trial Court's Plenary Jurisdiction. .......................... 5

   C.    Reframing Anderson's Post-Decree Motions Does Not Provide the Required Vacation of the Decree Within Thirty Days. ....................................................................... 7

      1.    It is Not Necessary to View Anderson's Post-Decree Motions as Motions To Modify The Judgment Under Rule 329b(g). ............................................................ 7

      2.    Regardless of a Formal Post-Decree Intervention, the Decree Was Not Set Aside Within Thirty Days. ................................................................................................ 8

V.      CONCLUSION ................................................................................................... 11

VI.     PRAYER ............................................................................................................. 12

VII.    CERTIFICATE OF COMPLIANCE .................................................................. 13

VIII.   VERIFICATION ................................................................................................. 14

IX.     CERTIFICATE OF SERVICE .......................................................................... 15

## II.     TABLE OF CASES

**Cases**                                                                                          **Page**

*Daniels v. Pecan Valley Ranch, Inc.*,
    831 S.W.2d 372, 382 (Tex. App.—San Antonio 1992, writ denied)................. 5

*First Alief Bank v. White*, 682 S.W.2d 251 (Tex. 1982) ................................................ 11

*In re Florence*, 377 S.W.3d 837 (Tex. App.—Dallas 2012, orig. proceeding)....... 5

*In the Interest of H.G.*,
    267 S.W.3d 120 (Tex. App.—San Antonio 2008, pet. denied) .......................... 4,5

*Malone v. Hampton*,
    182 S.W.3d 465 (Tex. App.—Dallas 2006, no pet.) ........................................ passim

*Serna v. Webster*, 908 S.W.2d 487 (Tex. App.—San Antonio 1995) ................... 3,9

*State and County Mut. Fire Ins. v. Kelly*,
    915 S.W.2d 224 (Tex.App.—Austin 1996, no writ) ................................................. 2

*Texas Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31 (Tex. 2008) ................................. 8,9

**Other Authorities**

TEX. FAM. CODE § 106.002 ........................................................................................... 1,3

**Rules**

Tex. R. Civ. P. 329b(d) ....................................................................................................... 2

### III.       PRELIMINARY STATEMENT

It is undisputed that Anderson[1] did not file a Motion to Intervene prior to October 2, 2014, and the trial court did not set aside the Final Decree before November 2, 2014.  Therefore, Anderson's Motion for New Trial did not extend the trial court's plenary jurisdiction, and the trial court's ruling on his Motion for New Trial is void.  Anderson does not dispute the plain meaning of the law and does not address the seminal *Malone* decision.  Instead, Anderson suggests that he did not need to intervene because the pre-Decree attorneys' fees award[2] made him a party.  This argument is not supported by Tex. Fam. Code section 106.002.  Alternatively, Anderson contends Tony invited the error and is estopped from raising the failure to intervene. Anderson is wrong because equity does not extend plenary jurisdiction.  Anderson's remaining arguments that his post-Decree pleadings[3] are sufficient to extend plenary jurisdiction fail because the trial court did not set aside the judgment within thirty days.

---

[1]     Unless otherwise noted, terms have the same meaning defined in the Petition for Writ of Mandamus by Relator, Tony Saad ("Writ").

[2]     *See* Associate Judge's Report (Divorce), Response at Appendix 3.

[3]     *See* Motion to Render Judgment on Attorney's Fees, Response at Appendix 9; First Amended Motion to Render Judgment on Attorney's Fees, Response at Appendix 10; and Motion for Severance, Response at Appendix 11.

1

## IV. ARGUMENT AND AUTHORITIES

A party's motion for new trial extends a trial court's plenary jurisdiction, while a non-party's Motion for New Trial does not.[4] Moreover, a post-decree intervention alone is insufficient to extend plenary jurisdiction. The trial court must also set aside the judgment within thirty days.[5] These rules apply to the facts in this case.

Anderson's Response to Relator's Petition for Writ of Mandamus ("Response") ignores the law and fails to raise a dispositive issue for at least three reasons: 1) the Associate Judge's temporary award of Shereen's attorneys' fees ("Award")[6] did not make Anderson a party; 2) equity cannot extend plenary jurisdiction; and 3) Anderson did not have the trial court set aside the Final Decree within thirty days. Accordingly, Anderson's post-Decree, non-party Motion for New Trial did not extend plenary jurisdiction, and the trial court's grant of that motion more than ninety days after entry of the Final Decree is void.

---

[4] *See* Tex. R. Civ. P. 329b(d); *Malone v. Hampton*, 182 S.W.3d 465, 46 (Tex. App.—Dallas 2006, no pet.); *State and County Mut. Fire Ins. v. Kelly*, 915 S.W.2d 224, 227 (Tex.App.—Austin 1996, no writ).

[5] *See Malone*, 182 S.W.3d at 468.

[6] *See* Associate Judge's Report (Divorce), Response at Appendix 3.

## A.    <u>The Award Did Not Make Anderson A Party of Record.</u>

The Award, rendered in default, temporarily ordered the "Father to pay Mother's attorney's fees . . . directly to Mother's attorneys."[7] While Texas law authorizes an attorney to enforce an award of attorneys' fees in his own name, such enforcement does not make the attorney a party or a *de facto* intervenor.[8] Anderson became Tony's creditor by statutory privilege, but he remained a non-party to the litigation dissolving the Saads' marriage and addressing the interests of their children.[9] Anderson's suggestion that he became a party litigant, and thus all domestic law attorneys with interim fee awards become party litigants, does not logically follow the clear statutory language. Indeed, such a result would create conflicts of interest in some cases.

An intervention is the preferred method for attorneys to collect their fees,[10] however, Anderson's proposed reading of the statute would not require

---

[7]    *See* Response at Appendix 3.

[8]    *See* TEX. FAM. CODE § 106.002 ("(a) In a suit under this title, the court may render judgment for reasonable attorney's fees and expenses and order the judgment and post judgment interest to be paid directly to an attorney. (b) A judgment for attorney's fees and expenses may be enforced in the attorney's name by any means available for the enforcement of a judgment for debt.").

[9]    *See id.*

[10]    *See Serna v. Webster*, 908 S.W.2d 487, 491 (Tex. App.—San Antonio 1995) ("A plea in intervention in the principle suit is an appropriate vehicle by which a discharged attorney may recover fees for services rendered.")

any attorney with a fee award to file an intervention. Had the legislature intended to create instant conflicts of interest between lawyers and their clients and obviate the need for attorneys to intervene, the statute would be clearly worded to express such intentions.

Anderson's contention that he did not need to file a petition for intervention is supported by one case, *In the Interest of H.G.*,[11] a case that neither holds that an attorney becomes a party following an award of attorneys' fees nor holds that Anderson did not need to intervene under the present facts.[12] *In the Interest of H.G.* rejected a set of grandparents' attempts to intervene and modify the adjudicated parent-child relationship of their biological grandchildren with the adoptive parents.[13] The case does not address an attorney's fee award and, importantly, the grandparents filed a petition to intervene as the procedural vehicle through which they attempted to secure their alleged rights.[14] The case is inapposite to the propositions Anderson cited it to support. Without support, Anderson's claims that his fee award "[is] better than a mere motion for intervention" should be rejected.[15]

---

[11]     *See In the Interest of H.G.*, 267 S.W.3d 120 (Tex. App.—San Antonio 2008, pet. denied).

[12]     *See id.* at 126.

[13]     *See id.* at 122-23.

[14]     *See id.*

[15]     *See* Response at p. 1.

**B.      Equity Cannot Extend A Trial Court's Plenary Jurisdiction.**

*In the Interest of H.G.* also addresses equity and equitable estoppel, and holds that equity cannot confer jurisdiction where it does not exist.[16]  A trial court's orders issued without subject matter jurisdiction are void.[17]  Thus, Anderson's argument that Tony invited the error and cannot assert the court's lack of plenary jurisdiction is incorrect.

Factually, Tony did not invite any error.  First, Tony did not request the court make rulings following the termination of its plenary jurisdiction; therefore, Anderson's reliance on *Daniels* is misguided.[18]  In *Daniels*, the plaintiff moved for a new trial, and then, on appeal, the same plaintiff complained of the Court's error in granting the requested new trial.[19]  Here, Tony did not submit any post-trial motions, thus, he never invited the Court to exceed its plenary jurisdiction.[20]

---

[16]      *See In the Interest of H.G.*, 267 S.W.3d at 124-25 (addressing standing as a component of subject matter jurisdiction the court said, "while equity may estop a party from relying on a mere statutory bar to recovery, it cannot confer jurisdiction where none exists.").

[17]      *See In re Florence*, 377 S.W.3d 837, 839 (Tex. App.—Dallas 2012, orig. proceeding).

[18]      *See Daniels v. Pecan Valley Ranch, Inc.*, 831 S.W.2d 372, 382 (Tex. App.—San Antonio 1992, writ denied).

[19]      *See id.*

[20]      *Daniels* does not hold that the doctrine of invited error restores a Court's plenary power after it has been divested of jurisdiction.  *Id.*

In addition, Tony has clean hands and equity favors him. Anderson invented Tony's involvement in a "secret" conspiracy.[21] Anderson's complaints about his client's lack of communication are irrelevant to Tony, an adverse party. Despite the claim of secrecy, Anderson's attorney-client communication dated October 2, 2014, indicates that his firm knew Shereen had a new attorney, knew the new attorney had drafted a Final Decree, and knew that Shereen might have the Final Decree entered.[22] Anderson further claims not to have withdrawn from the litigation,[23] but he attached a copy of the Order allowing him to withdraw signed on October 22, nine days before he filed his Motion for New Trial.[24] Anderson's claims of a "secret" divorce mischaracterize his actual knowledge. There is not a scintilla of evidence that Tony "secretly obtained a divorce." Anderson's issues with Shereen and her new counsel were addressed by the trial court.[25] Tony was not involved in these issues. Thus, Anderson's allegations are insufficient to create an issue where none actually exists.

---

[21] *See* Response at p. 7.

[22] *See* Response at Appendix 7.

[23] *See* Response at p. 8.

[24] *See* Response at Appendix 15.

[25] *See* Response at Appendix 13, p. 2.

Accordingly, even if equity could extend jurisdiction—which it cannot—an extension is not warranted in this case.

## C. Reframing Anderson's Post-Decree Motions Does Not Provide the Required Vacation of the Decree Within Thirty Days.

Anderson's final two arguments are that his post-Decree motions: 1) sought a substantive change and were motions to modify the judgment; and 2) should be viewed as interventions. Both arguments fail in light of the requirement that the trial court set aside the judgment within the thirty-day window of its plenary power.[26]

### 1. It is Not Necessary to View Anderson's Post-Decree Motions as Motions To Modify The Judgment Under Rule 329b(g).

Anderson asks the Court to view his post-Decree Motions under Rule 329b(g) as proper attempts to modify the Judgment, thus, extending the trial court's plenary jurisdiction. However, the argument is unnecessary in light of Anderson's Motion for New Trial. If Anderson were a party, his Motion for New Trial would have extended the trial court's plenary jurisdiction without reframing his other post-Decree Motions. Anderson provides no authority that a non-party's 329b(g) motion would extend plenary jurisdiction. Fundamentally, the argument does not change the issue—Anderson was not a

---

[26] *See Malone v. Hampton*, 182 S.W.3d 465, 46 (Tex. App.—Dallas 2006, no pet.).

party, and neither his Motion for New Trial nor his post-Decree Motions extended the court's jurisdiction.

## 2. Regardless of a Formal Post-Decree Intervention, the Decree Was Not Set Aside Within Thirty Days.

### i. Anderson Is Not Shereen's Subrogee.

Anderson's suggestion that he should be treated as if he were a subrogee of his client is in error.[27]  Anderson did not assert a subrogation interest and no statute provides him with a subrogated interest in his client's recovery; therefore, *Ledbetter*'s holding that a statutory subrogee had a right to intervene in a worker's litigation does not support Anderson's argument.[28] In *Ledbetter*, initially the issue was one of timing; the subrogee moved to intervene after the plaintiff, who had previously represented the subrogee's interest, filed a non-suit and asked the court to award the subrogee nothing.[29] The timing issue was withdrawn before appeal.[30] The rule in the case, however, provided that the subrogee, whose interests were adequately represented and then suddenly abandoned, could still intervene after showing

---

[27]     *See Malone*, 182 S.W.3d at 468 ("[A] plea in intervention comes too late if filed after judgment and may not be considered unless and until the judgment has been set aside.") (Citation omitted); *see also* Response at p. 9.

[28]     *See Texas Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31 (Tex. 2008).

[29]     *See Ledbetter*, 251 S.W. 3d at 36.

[30]     *See id.* at 37.

that there is neither unnecessary delay nor prejudice to existing parties.[31] The rule is narrowly tailored to subrogees.[32] Neither *Ledbetter* nor cases citing *Ledbetter* have extended the holding beyond that context. Four important points prevent applying this rule to this case: 1) Anderson was a creditor, not a subrogee to his client's recovery; 2) he did not intervene post-trial, but instead he filed other motions and withdrew as counsel; 3) he failed to demonstrate that his actions would not cause unnecessary delay or prejudice; and 4) regardless of a post-Decree intervention, the Decree was not set aside within thirty days of its issuance.

### ii.    Anderson's post-Decree Pleadings are not Interventions.

*Serna* does not cure Anderson's failure to properly intervene.[33] *Serna* addressed <u>pre-judgment</u> pleadings in a personal injury case and interpreted a Notice of Lawyer's Lien as an intervention.[34] Serna does not hold that, outside the contingent fee situation, post-Decree pleadings can be re-interpreted to create plenary jurisdiction where none exists.

---

[31]    *See id.* at 36.

[32]    *See id.* ("But when a subrogee's interest has been adequately represented and then suddenly abandoned by someone else, it can intervene . . ."); *id.* ("a party has an absolute right to nonsuit their own claims, but not someone else's claim they are trying to avoid.").

[33]    *See Serna v. Webster*, 908 S.W.2d 487, 491 (Tex. App.—San Antonio 1995) ("[A]n intervention must be timely filed; in any case, before the judgment.").

[34]    *See id.*

### iii. There is no Exception to the Requirement That the Court Set Aside the Final Decree Within Thirty Days.

Anderson suggests that this case fits into numerous exceptions; however, none of his citations to non-domestic decisions squarely address the issue currently before this Court. *Malone*[35] squarely addresses the facts, and there is no factual dispute the Saad's Decree was not set aside within thirty days of its issuance.

*Malone* addressed an attorney's fee dispute in domestic litigation.[36] Malone represented a party but moved to withdraw after his client entered into an agreement with her former spouse without Malone's knowledge.[37] Malone withdrew, intervened after the final judgment, and filed a motion for new trial.[38] The former spouse of Malone's client sought sanctions for Malone's Motion for New Trial.[39] Those sanctions were awarded more than thirty days after the final judgment.[40] The appellate court overturned the sanction award because the trial court lacked plenary jurisdiction at the time

---

[35] *See Malone*, 182 S.W.3d 465.

[36] *See Malone*, 182 S.W.3d at 467-68.

[37] *See id.*

[38] *See id.*

[39] *See id.*

[40] *See id.*

of the award.[41]  The *Malone* court applied Texas Supreme Court law and held that a non-party may intervene post judgment, but only where the Decree is set aside within the first thirty days.[42]  Therefore, Malone's intervention and Motion for New Trial had not extended the trial court's plenary jurisdiction because the Decree had not been set aside within thirty days.[43]

Here, Anderson, a non-party just like *Malone*, complains that his client acted to conclude the litigation without him.  After the Final Decree, Anderson withdrew as counsel and filed a Motion for New Trial.  The *Malone* and Saad facts are almost identical; the cases should have an identical outcome. Anderson's attempt to extend the trial court's plenary jurisdiction was unsuccessful because he did not intervene (before or) after the Decree and did not have the Decree set aside within thirty days.  Therefore, the trial court's rulings that followed the expiration of its plenary jurisdiction are void.

### V.    CONCLUSION

Anderson's arguments ask the Court to layer unsupported exception upon unsupported exception, and require the Court to ignore both the long standing principle that intervention is not permitted after a final judgment,

---

[41]    *See id.* at 468.

[42]    *See id.* (citing *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1982) ("[a] plea in intervention comes too late if filed after judgment and may not be considered <u>unless and until the judgment has been set aside</u>.") (emphasis added).

[43]    *See id.* at 470.

and that a Decree cannot be set aside after thirty days, certainly not by a non-party or as a matter of equity.  Anderson's challenge is without merit.

## VI.    **PRAYER**

For the foregoing reasons, and those contained in the Petition for Writ of Mandamus, Tony R. Saad prays that this Court issue a writ of mandamus directing the Hon. James Martin to vacate the Rendition dated January 11, 2015, and the Order Granting a New Trial dated January 15, 2015, and grant him such other and further relief in law and in equity to which he may show himself to be justly entitled.

Respectfully submitted,

*/s/ Darla J. Gabbitas*
Jeffrey W. Hellberg, Jr.
Texas State Bar No. 00796738
jeff.hellberg@wickphillips.com
Darla J. Gabbitas
Texas State Bar No. 24089458
darla.gabbitas@wickphillips.com
WICK PHILLIPS GOULD MARTIN, LLP
3131 McKinney Ave., Suite 100
Dallas, Texas 75204
(214) 692-6200 (office)
(214) 692-6255 (facsimile)

ATTORNEYS FOR RELATOR
TONY R. SAAD

-12-

## VII.       <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Texas Rules of Appellate Procedure 9.4, I hereby certify that, absent the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendices, the computer program used to prepare this document prior to its conversion to portable document format calculates the number of words in the foregoing reply brief as 2,530.

*/s/ Darla J. Gabbitas*
Darla J. Gabbitas

## VII. VERIFICATION

STATE OF TEXAS        §

§

COUNTY OF DALLAS    §


Before me, the undersigned authority, on this day personally appeared Darla J. Gabbitas, known to me to be the person whose name is subscribed hereto, and who, being first duly sworn, upon oath stated that she is the attorney for Tony R. Saad, that she has reviewed the foregoing Reply In Support Of Petition For Writ Of Mandamus By Relator Tony R. Saad and concluded that every factual statement in the reply is supported by competent evidence.

_____

Darla J. Gabbitas


SUBSCRIBED AND SWORN TO before me on February 6, 2015.


_____

Notary Public in and for the State of Texas

FRANCES WHISLER
Notary Public, State of Texas
My Commission Exp 08-25-17

-14-

## IX.    CERTIFICATE OF SERVICE


A true copy of the foregoing Reply In Support Of Petition For Writ Of Mandamus By Relator Tony R. Saad has been served the following persons by EFS, on February 6, 2015:

| | |
|---|---|
| Elizabeth Hunter<br> ehunter@qslwm.com<br>Cynthia Dunn<br> cdunn@qslwm.com<br>Quilling Selander Lownds<br>Winslett & Moser, P.C.<br>2001 Bryan Street, Suite 1800<br>Dallas, Texas 75201<br><br>Counsel for Tony R. Saad<br><br>Sam Almasri<br> sam@theamlawgroup.com<br>9330 LBJ Freeway, Suite 900<br>Dallas, Texas 75243<br><br>Counsel for Shereen Yasin Saad | James Bell<br> Jbell@fflawoffice.com<br>Friedman Feiger, LLP.<br>5301 Spring Valley Road, Suite 200<br>Dallas, Texas 75254<br><br>Former Counsel for Tony R. Saad<br><br>Jeffrey O. Anderson<br> jeff@ondafamilylaw.com<br>Orsinger, Nelson,<br>Downing & Anderson, LLP.<br>5950 Sherry Lane, Suite 800<br>Dallas, Texas 75225<br><br>Former Counsel for Shereen Yasin Saad and Real Party in Interest |

And by hand-delivery on the Respondent:

The Honorable James Martin
254th Judicial District Court
600 Commerce, Third Floor
Dallas, Texas 75202

RESPONDENT


*/s/ Darla J. Gabbitas*
Darla J. Gabbitas