**Order entered October 30, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-18-00613-CV

---

## ENVISION REALTY GROUP, LLC AND JACKSON POTTER, AND THEIR ATTORNEY DAVID J. POTTER, Appellants/Cross-Appellees

**V.**

## CHUAN C. CHEN, Appellee/Cross-Appellant

---

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-16534-G**

---

## ORDER
Before Chief Justice Wright, Justice Evans, and Justice Brown

This appeal challenges three trial court orders: (1) the February 7, 2018 order granting appellee's rule 91a motion to dismiss, *see* TEX. R. CIV. P. 91a; (2) the March 26, 2018 order denying appellants' motion to set aside the February 7th order of dismissal; and (3) the May 3, 2018 order on appellee's motion for additional attorney's fees, costs and sanctions. The cross-appeal also challenges the May 3rd order. At issue is our jurisdiction over the May 3rd order.

Because the order appeared to have been signed outside the trial court's plenary power and appeared void, we directed the parties to file jurisdictional letter briefs. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam) (appellate courts lack jurisdiction to address merits of appeals from void orders); *Malone v. Hampton*, 182 S.W.3d

465, 468 (Tex. App.—Dallas 2006, no pet.) ("Judicial action taken after the expiration of the court's jurisdiction is a nullity, and any orders signed outside the court's plenary jurisdiction are void."). The parties complied. Appellants agree the order is void. Appellee disagrees.

Generally, a trial court's plenary power expires thirty days after it signs the final judgment or order, that is, a judgment or order that disposes of all pending claims and parties in the record. *See* TEX. R. CIV. P. 329b(d); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When a motion seeking a substantive change in the judgment is filed within thirty days of the judgment, the trial court's plenary power expires thirty days after the motion is overruled by signed order or 105 days if the motion is overruled by operation of law, whichever occurs first.[1] *See* TEX. R. CIV. P. 329b(e); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 314 (Tex. 2000).

The record here reflects the trial court's February 7th order is final. *See Lehmann*, 39 S.W.3d at 195. The order grants appellee's motion to dismiss "in all respects" and recites as follows:

1.      Cause Number DC-17-16534-134 is **DISMISSED, With Prejudice** as it is not premised on a cognizable legal theory.

2.      Plaintiffs Envision Realty Group, LLC Jackson Potter and their counsel … shall be jointly and severally responsible for reasonable attorney fees and costs in the amount of $12,664.50 made payable to . . .

The record further reflects appellants filed their motion to set aside the February 7th order timely, on March 7, 2018. *See* TEX. R. CIV. P. 329b(a). That motion was overruled by signed order March 26th, extending the trial court's plenary power to April 25th. *See* TEX. R. CIV. P. 329b(e).

---

[1] A motion that seeks a substantive change in the judgment is overruled by operation of law if it is not determined by written order signed within seventy-five days of judgment. *See* TEX. R. CIV. P. 329b(c).

The May 3rd order, signed outside the trial court's plenary power, is therefore void. *See Malone*, 182 S.W.3d at 468.

In disagreeing that the May 3rd order is void, appellee argues the February 7th order is not final because "there is no language disposing of the entire case." She notes the May 3rd order states it is a "final judgment disposing of all parties and all claims including attorney's fee claims and is "inten[ded] to completely dispose of the entire case." Further, appellee argues "[r]ule 91a necessitates or otherwise requires the award of attorney fees in all associated proceedings," and because the proceedings continued after the February 7th order was signed, the dismissal order could not be final. In that regard, she notes she filed a motion for additional attorney's fees and costs April 5, 2018, for the period following the February 7th order through March 26th.

A final judgment does not have to be in any particular form. *See Lehmann*, 39 S.W.3d at 195. Generally, when a judgment is issued without a conventional trial, it is final if it disposes of all claims and parties, regardless of its language. *See id.* at 192. Although rule 91a requires a trial court award the prevailing party "all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court," *see* TEX. R. CIV. P. 91a.7, this requirement does not render the February 7th order not final. The trial court retained plenary power to award additional fees and costs under rule 91a until its plenary power expired on April 25th.

On the record before us, we **VACATE** the May 3rd order, **DISMISS** the appeal as to that order, and **DISMISS** the cross-appeal. *See* TEX. R. APP. P. 42.3(a). In dismissing the cross-appeal, we deny appellee's request to allow her, if the May 3rd order is void, to amend her cross-appeal to challenge the March 26th order for failure to award attorney's fees under rule 91a. A

notice of cross-appeal as to that order was due no later than June 6, 2018.[2]  *See* TEX. R. APP. P. 26.1(d).  Appellee did not file her notice of cross-appeal until July 27, 2018.

We note the reporter has informed the Court she has not filed the record because no payment arrangements have been made for its preparation.  Accordingly, we **ORDER** appellants to file, within ten days, written verification they have paid or made arrangements to pay the reporter's fee.  We caution that failure to file the requested verification may result in the appeal being submitted without the reporter's record.  *See id.* 37.3(c).

/s/     DAVID EVANS
JUSTICE

---

[2] Appellants filed their notice of appeal May 23, 2018, during the fifteen-day extension period allowed under Texas Rule of Appellate Procedure 26.3.  *See* TEX. R. APP. P. 26.3.  The notice of appeal was deemed timely filed for jurisdiction purposes by order of June 22, 2018.