

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00048-CV
_____


XL INSURANCE AMERICA, INC., Appellant

V.

MAURICE COVINGTON, Appellees


On Appeal from the 15th District Court
Grayson County, Texas
Trial Court No. CV-18-1732


Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

XL Insurance America, Inc. (XL), has attempted to appeal from a June 2, 2020, order denying its amended petition in intervention, motion for apportionment, and motion for new trial. Appellee, Maurice Covington, has filed a motion to dismiss for want of jurisdiction, and XL has filed a response. Because this Court lacks jurisdiction over XL's attempted appeal, we grant Covington's motion and dismiss the appeal.[1]

On March 2, 2020, the trial court entered an order granting plaintiff's motion for dismissal and for final judgment. On March 18, 2020, XL filed its original petition in intervention. As recited in the petition, Covington sued Mark Teague, as independent administrator of and on behalf of the Estate of Nicholas Edwards and his heirs-in-law, for injuries sustained in a January 5, 2018, automobile accident. At the time of the accident, XL was the workers' compensation insurance carrier for Covington's employer. XL alleged that it paid a total of $1,913,885.85 in medical benefits and $99,885.02 in indemnity benefits to Covington, or on his behalf, as of March 18, 2020, and that it was subrogated to the rights of Covington against the defendant for these sums. XL further alleged that Covington, through his counsel, represented that defendant had a $30,000.00 insurance policy limit and therefore requested XL to waive its subrogation rights; it did so in reliance on the stated policy limits. XL further alleged that the defendant's insurance carrier violated a *Stowers*[2] deadline and ultimately settled the case

---

[1]Originally appealed to the Fifth Court of Appeals in Dallas, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]*See G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved).

2

for an amount well in excess of the $30,000.00 insurance policy limit. As a result, XL sued in intervention to enforce its right of subrogation.

Also on March 18, 2020, XL filed (1) a motion for new trial in which it asked the trial court to vacate the March 2, 2020, final judgment and (2) a motion for apportionment in which it asked the trial court to conduct a hearing to determine how the settlement proceeds should be apportioned between it and any other parties claiming entitlement to those proceeds. On March 19, 2020, XL filed an amended petition in intervention. Following a hearing, the trial court determined that it lacked plenary jurisdiction to grant the intervenor's petition and motions and therefore entered an order denying same on June 2, 2020. Covington contends that XL's notice of appeal was untimely.

A trial court retains plenary power over its judgment for thirty days. TEX. R. CIV. P. 329b(g); *Lane Bank Equip. Co. v. Smith So. Equip., Inc*., 10 S.W.3d 308, 310 (Tex. 2000). "A motion to modify, correct, or reform a judgment . . . extend[s] the trial court's plenary power to change its judgment beyond the initial thirty-day period" for up to an additional seventy-five days. *Id*. at 309–10; *see Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—Dallas 2006, no pet.). A non-party, however, "may not move for a new trial or file a post-judgment motion to extend the court's plenary jurisdiction unless the non-party successfully intervenes." *Malone*, 182 S.W.3d at 468 (citing *State & Cty. Mut. Fire Ins. Co. v. Kelly*, 915 S.W.2d 224, 227 (Tex. App.—Austin 1996, orig. proceeding)). "A non-party successfully intervenes if he files a plea in intervention prior to the entry of judgment and the court does not strike the plea on the motion of a party." *Id*. (citing *In re Barrett*, 149 S.W.3d 275, 279 (Tex. App.—Tyler 2004, orig.

3

proceeding)).  However, "a plea in intervention comes too late if filed after judgment and may not be considered unless and until the judgment has been set aside."  *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984) (orig. proceeding) (per curiam).

The trial court signed the final judgment on March 2, 2020.  Although no party to the judgment filed a motion for new trial or to correct, modify, or reform the judgment, XL filed, as an intervenor, a motion for new trial.  Because XL did not file its petition in intervention prior to the entry of the judgment and the judgment was not set aside within thirty days from its entry, XL's petition in intervention was not effective, and its motion for new trial did not extend the trial court's plenary jurisdiction.  *See Malone*, 182 S.W.3d at 469.  As a result, XL's notice of appeal was due to be filed within thirty days of the final judgment, or on or before April 1, 2020.  XL filed its notice of appeal on July 1, 2020, well beyond the April 1 deadline.

Yet, XL's notice of appeal indicates that it is not appealing from the final judgment.  Instead, it indicates that its appeal is taken from the June 2, 2020, order denying its petition in intervention and its motions.  But, because the trial court entered its final order in this case on March 2, 2020, it lost plenary power over that judgment on April 1, 2020.  The June 2, 2020, order was therefore issued at a time when the trial court no longer had plenary power over its judgment.  "Judicial action taken after the court's jurisdiction over a cause has expired is a nullity."  *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam).  Consequently, the June 2 order did not trigger the appellate timetable.  *See* TEX. R. APP. P. 26.1; *Malone*, 182 S.W.3d at 470 ("The very purpose of limiting a trial court's plenary power over a

4

proceeding is to foreclose the possibility of a suit continuing indefinitely even though a final judgment has been obtained.").

XL filed a response to Covington's motion to dismiss, indicating that it is unopposed to the motion. Because this Court does not have jurisdiction to consider XL's appeal, this case is ripe for dismissal.

In light of the foregoing, we dismiss the appeal for want of jurisdiction.

Ralph K. Burgess
Justice

Date Submitted:     September 30, 2020
Date Decided:       October 1, 2020

5