**Dismiss and Opinion Filed March 15, 2021**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-20-00979-CV**
_____

**ASHLEY QUARIAB, INDIVIDUALLY AND AS DERIVATIVELY FOR HI-TECH PRECIOUS METALS AND REFINERY, LLC AND AGDE, INC.,**
**Appellant**
**V.**
**MAJDI MOHD EL KHALILI, FADI FATHI MEQBEL, AND FERAS FATHI MEQBEL, Appellees**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-02395**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Chief Justice Burns

This interlocutory appeal challenges the trial court's temporary restraining order and temporary injunction. Because we conclude the trial court's orders are void, we vacate the orders and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a); *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam).

The underlying case began as a business dispute, was filed in February 2020, and was dismissed June 19, 2020 after the parties settled. Because no party filed a plenary-power-extending post-judgment motion, the trial court's plenary power over

the case expired July 20, 2020. *See* TEX. R. CIV. P. 4, 329b(d); *Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—Dallas 2006, no pet.).

The orders challenged by this appeal were signed four months later, in November, after appellees successfully moved around the same time to reinstate the case based on appellant's alleged breach of the settlement agreement. Because it appeared the trial court lacked jurisdiction over the case as its plenary power had expired, and because our jurisdiction extends no further than the trial court's jurisdiction, we questioned our jurisdiction over the appeal. *See Dallas Cty. Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied).

At our direction, the parties filed jurisdictional letter briefs addressing our concern. The briefing reflected the trial court had reinstated the case, at appellees' urging, under the Texas Supreme Court's emergency COVID-19 order in effect at the time, the twenty-sixth emergency order. *See* Twenty-Sixth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9112, Part 2.a., 609 S.W.3d 135, 135-36 (Tex. Sept. 18, 2020). Paragraph 2.a. of that order allows a court, subject only to constitutional limitations and with the exception of proceedings under Subtitle E, Title 5 of the Family Code, to "modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than December 1, 2020." *Id.* at 135.

Appellees' argument to the trial court, and the argument in their jurisdictional letter brief, is that the language "any and all deadlines and procedures" includes deadlines imposed by the expiration of a trial court's plenary power. In his letter brief, appellant questions whether any of the emergency orders extend a trial court's plenary power.

We need not decide whether the twenty-sixth emergency order, or any emergency order, extends a trial court's plenary power, however, because the language in the emergency orders "giving a court the power to modify or suspend 'deadlines and procedures' presupposes a pre-existing power or authority over the case or the proceedings. . . . It does not suggest that a court can create jurisdiction for itself where the jurisdiction would otherwise be absent[.]" *In re State ex rel. Ogg*, No. WR-91,936-01, 2021 WL 800761, at *3 (Tex. Crim. App. Mar. 3, 2021).

Here, the trial court lost jurisdiction over the case on July 20, and the motion to reinstate was not filed until November. Because the trial court lacked jurisdiction over the case by the time the motion to reinstate was filed, it could not avail itself of the emergency order to reinstate the case, and the challenged orders are void. *See id.*; *Malone*, 182 S.W.3d at 468 ("Judicial action taken after the expiration of the court's jurisdiction is a nullity, and any orders signed outside the court's plenary jurisdiction are void.").

When, as here, an order or judgment is rendered by a court after its plenary power has expired, an appellate court's jurisdiction is limited to setting aside the

order or judgment and dismissing the appeal for want of jurisdiction. *Latty*, 907 S.W.2d at 486. Accordingly, we vacate the trial court's temporary restraining order and temporary injunction, as well as the trial court's order reinstating the case and any other order signed after July 20, 2020, and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a); *Latty*, 907 S.W.2d at 486.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

200979F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ASHLEY QUARIAB, INDIVIDUALLY AND AS DERIVATIVELY FOR HI-TECH PRECIOUS METALS AND REFINERY, LLC AND AGDE, INC., Appellant

No. 05-20-00979-CV     V.

MAJDI MOHD EL KHALILI, FADI FATHI MEQBEL, AND FERAS FATHI MEQBEL, Appellees

On Appeal from the 68th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-20-02395. Opinion delivered by Chief Justice Burns, Justices Molberg and Goldstein participating.

In accordance with this Court's opinion of this date, we **VACATE** all trial court orders rendered since July 20, 2020 including the trial court's November 9, 2020 temporary restraining order, November 23, 2020 order reinstating the case, and November 23, 2020 temporary injunction, and **DISMISS** the appeal.

We **ORDER** that each party bear its own costs of this appeal.

Judgment entered this 15th day of March, 2021.