**VACATE and DISMISS and Opinion Filed April 11, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-01162-CV

## IN THE INTEREST OF O.E.S., A CHILD

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-20-13200**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Pedersen, III, and Justice Goldstein
Opinion by Chief Justice Burns

The trial court signed a default judgment in the underlying lawsuit on November 12, 2020. Appellant filed a motion seeking to vacate the default judgment in March 2022 that was denied following a hearing before an associate judge. Following a de novo hearing, the trial court signed an order adopting the associate judge's order on October 26, 2022. Appellant appeals from this order. Because it appeared the trial court lacked plenary power when it signed the appealed order, we questioned our jurisdiction over this appeal and directed appellant to file a letter brief addressing the jurisdictional issue.

Judicial action taken after the expiration of the court's plenary power is a nullity, and any orders signed outside the trial court's plenary jurisdiction are

void. *See Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—Dallas 2006, no pet.). We have no jurisdiction to consider the merits of an appeal from a void order. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012). When a party appeals a void order, we must declare the order void and dismiss the appeal for want of jurisdiction. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995).

Because appellant did not file a motion for new trial or motion to modify within thirty days of the signing of the default judgment, the trial court's plenary power over the judgment expired on December 12, 2020. *See* TEX. RS. CIV. P. 329b(a) (motion for new trial due within thirty days after judgment is signed); 329b(d) (trial court retains plenary power over judgment for thirty days after judgment is signed). Consequently, the associate judge's and the appealed order of the trial court were signed after the trial court's plenary power expired. Although appellant filed a letter brief, he addressed the merits of the appeal instead of the jurisdictional issue – our jurisdiction over an order signed after the expiration of the trial court's plenary power.

For reasons stated above, the appealed order is void. Accordingly, we vacate the trial court's October 26, 2022 order and dismiss the appeal for want of jurisdiction. *See Latty*, 907 S.W.2d at 486.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

221162F.P05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF O.E.S., A CHILD

No. 05-22-01162-CV

On Appeal from the 256th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-20-13200. Opinion delivered by Chief Justice Burns. Justices Pedersen, III and Goldstein participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's October 26, 2022 order and **DISMISS** the appeal for want of jurisdiction.

We **ORDER** appellees, The State of Texas and Sahira Gelanie Taveras Santana, recover their costs of this appeal from appellant, Orlando David Santana.

Judgment entered April 11, 2023